George R. FLETCHER and Arlene L. Fletcher, Plaintiffs-Respondents,

v.

NORTH BRITISH AND MERCANTILE INSURANCE COMPANY, Limited, a Corporation, the Mercantile Insurance Company of America, a Corporation, and Hartford Fire Insurance Company, a Corporation, Defendants-Appellants.

No. 52899.

Supreme Court of Missouri, En Banc.

March 11, 1968.

Lincoln, Haseltine, Forehand & Springer, Edmund C. Forehand, Carl E. Yates, Horace S. Haseltine, Springfield, for plaintiffs-respondents.

Allen, Woolsey & Fisher, Russell G. Clark, Springfield, for defendants-appellants.

HOLMAN, Chief Justice.

Plaintiffs owned and operated a barbecue restaurant in Springfield, Missouri, known as "The Hickory Pit." On October 19, 1963, the building and contents of the restaurant were damaged by fire. In this action on insurance policies carried with the defendants, plaintiffs obtained a judgment for $10,184.27 on Count I, and $5,320 on Count II, together with interest from February 10, 1964. Defendants appealed to the Springfield Court of Appeals. That court adopted an opinion which (with slight modifications) affirmed the judgments. On application of defendants we ordered the case transferred to this court. It will be determined here "the same as on original appeal." Civil Rule 84.05(h) [1] and Mo. Const. Art. V, § 10, V.A.M.S.

The policy plaintiffs carried with defendant North British and Mercantile Insurance Company insured the building and its contents. Their policy with the Hartford Fire Insurance Company insured against loss sustained by the interruption of their

---

1. References to Civil Rules are to V.A.M.R.

business. Plaintiffs submitted proofs of loss to the adjustor for the insurance companies on December 12, 1963. These proofs were rejected by the insurers on February 3, 1964, for the reason that they did not conform with the provisions of the policies in certain respects, and under date of February 11, 1964, proofs were resubmitted by plaintiffs to the insurers. The North British policy contained a provision for arbitration and appraisal. Plaintiffs invoked the appraisal provision and, in accordance with the policy, each party appointed an appraiser and those two selected an umpire for the purpose of appraising the damages. Two of the three selected subsequently agreed on damages totaling $3,781.57 on the building and its contents. North British tendered a draft to plaintiffs in the aforementioned amount but plaintiffs rejected the tender and returned the draft to said defendant. Shortly thereafter this suit was filed.

The fire here involved was located in the area of the barbecue pit. The pit was substantially destroyed and heavy smoke and considerable heat caused damage to the furnishings and the interior paneling and floor covering of the building. We see no reason to make a detailed statement of the evidence relating to the damages. Prior to the trial the parties stipulated that the measure of damage to the furnishings and interior of the building "shall be based upon the cost of restoring the aforementioned items to substantially their previous condition." Some of the items of damage were stipulated to, and there was considerable evidence offered concerning the condition of the property after the fire and the cost of restoring it to its previous condition. It is perhaps sufficient to say that the evidence offered by plaintiffs was sufficient to support the findings and judgment of the court on Count I.

As to the damages sustained because of interruption in plaintiffs' business, it was stipulated that plaintiffs were entitled to receive $70 per day for each day required, "with the exercise of due diligence and dispatch, to repair and restore the premises so that business could be resumed." There was evidence to indicate that immediately after the fire plaintiffs began obtaining bids and employing workmen to clean and repair the premises. Plaintiffs sought in the petition to recover damages for 73 days' interruption of the business. Plaintiff George Fletcher testified at one time that he opened the business on December 30, 1963, and in another place in his testimony stated that it was reopened on January 3, 1964, which latter date would indicate that the business was closed 76 days. Defendant Hartford, throughout the trial, contended that the plaintiffs, in the exercise of due diligence, could have had the premises cleaned and repaired so that the business could have been reopened in a much shorter period of time. The evidence also indicated that some of the items that had been damaged had not been repaired or replaced at the time of trial.

The case was tried before the court without the use of a jury. Prior to the beginning of the trial the defendants requested that the court prepare and file a brief opinion containing a statement of the grounds for its decision, and the method of determining any damages awarded, as provided in Civil Rule 73.01(b).

At the conclusion of the trial the court took the case under advisement and on December 1, 1965, entered a judgment for plaintiffs in the amount of $10,185.02, with interest, on Count I and $5,326, with interest, on Count II. The court denied the claim of plaintiffs for attorney fees and damages for vexatious delay. On December 8, 1965, defendants filed a motion to set aside the judgment and grant defendants a new trial in which they complained, among other things, of the failure of the trial court to file the written opinion which had been requested, and also complained of an alleged error in computing the damages allowed in Count II. On December 31, 1965, the court, of its own motion, set aside the judgment of December 1 "for the reason that the court had not filed findings of fact and conclusions of law prior to its entry of said judgment, and that the court erred in its compu-

tation of damages on Count II." On January 12, 1966, the court entered a new judgment for plaintiffs in the sum of $10,184.27, with interest, on Count I, and $5,320 with interest, on Count II. Prior to entering said judgments the court filed findings of fact and conclusions of law.

On January 19, 1966, defendants filed a new motion for new trial and upon said motion being overruled duly appealed. This case has recently been reassigned to the undersigned.

■ The first contention of defendants is quoted from their brief as follows: "The trial court erred in entering a judgment on Counts I and II of plaintiffs' petition on January 12, 1966, for the reason that the court had no jurisdiction to render such judgment because it was rendered more than thirty days after the original judgment was rendered on December 1, 1965." We fail to see any merit in that contention. Civil Rule 75.01 provides, in part, as follows: "The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time." When the trial court entered its judgments of December 1, 1965, it overlooked the fact that a request for findings had been made, and it had also made a slight mathematical error in computing the amount of the judgment on Count II. Thereafter, the court became aware of the said error and omission and evidently decided to correct same. It accordingly, of its own motion, set aside the judgments of December 1. That order was made within the 30-day period following entry of the judgments and was clearly authorized by Civil Rule 75.01. The order shows on its face that there was "good cause" for making it.

After the judgments were set aside the case was again under submission, or, as sometimes stated, restored to the breast of the court, in the same manner as though the judgments of December 1 had never been entered. In that situation the trial court undoubtedly had the jurisdiction to later enter the judgments appealed from.

In support of their contention defendants have cited Salle for Use and Benefit of Mandel v. Holland Furnace Co., Mo.Sup., 337 S.W.2d 87, Snyder v. Christie, Mo.App., 272 S.W.2d 27, and Jaeger v. Agnew, Mo. App., 252 S.W.2d 847. None of those cases are applicable to the situation before us. The Salle and Snyder cases both involved orders setting aside judgments after the 30-day period had elapsed. In the Jaeger case the court set aside a judgment entered on a jury verdict and sought to enter its own judgment in a different amount which, of course, is not permissible. As indicated, we rule this point against defendants.

The next point briefed by defendants is that the court erred in entering its judgments of January 12, 1966, because it had failed to timely file its findings of fact and conclusions of law prior to the rendition of its original judgment on December 1, 1965. We are unable to see any merit in that contention. As we have heretofore said, when the first judgments were set aside the situation was the same as if they had never been entered. Findings were filed before entry of the current judgments. It therefore appears that the trial court complied with the requirements of Civil Rule 73.01(b). The fact that the court failed to make findings prior to the entry of the first judgments is no longer of any consequence and any error in that regard has been rendered harmless. Defendants rely on the case of Clauson v. Tipton, Mo. App., 147 S.W.2d 148, which does appear to lend some support to their contention. That case was decided under a prior statute which contained provisions much different than those in Civil Rule 73.01(b). However, to the extent that Clauson may be construed as being in conflict with our ruling herein it should no longer be followed.

In the "Request for Written Opinion" defendant North British requested the court to "specifically include a statement of its findings in regard to the validity of the

appraisal agreement," and defendant Hartford requested a "finding of facts in regard to reasonable time necessary through due diligence for plaintiffs to have commenced the operation of their business subsequent to the fire." Defendants now complain that the findings of the court in regard to the matters referred to in the foregoing requests were insufficient.

The principal facts concerning the appraisal proceedings were agreed to by the parties. The only finding which the court could appropriately make was in the nature of a conclusion of law. That conclusion was stated by the court as follows: "That as to the effect of the arbitration on which the defendant rests his [its] defense, the burden rested upon the defendant to sustain allegations contained in his [its] answers and to establish that the appraisement pleaded was made in substantial compliance with the terms of the contract in order for the defendant to rely upon such appraisement as fixing the amount of the loss or the damage. The defendant having failed to sustain this burden, it is concluded that the appraisement prior to this hearing does not fix the liability owed by the defendant to the plaintiff."

The findings of fact relating to the issue of the time reasonably required for repair of the damaged property were as follows: "The greater weight of the credible evidence as to the amount of damage for interruption of business was that the restaurant was closed from the day of the fire, October 19, 1964, until January 3, 1965, for a total of 76 days, that due diligence and dispatch was used to reopen; that any delay which was caused was beyond plaintiffs' best care and control; that the delay which did occur resulted from weather and other factors beyond the control of plaintiffs and prevented the opening of the business at a date sooner than the date of January 3, 1965, therefore, the 76 days claimed for interruption of business is reasonable."

■ The findings of fact and conclusions of law of the trial court occupy nine pages of the transcript. It is obvious that the court made a diligent effort to comply with the requests of the defendants in that regard. Concerning the two issues specifically complained of we rule that the quoted findings and conclusions were a reasonable and adequate compliance with the requests and that the court did not err in respect thereto.

■ The next point briefed by defendants is that "the trial court erred in rendering its judgment on Count I of plaintiffs' petition in that an appraisal award was made and was pleaded by defendant, North British, as a defense to Count I of plaintiffs' petition and plaintiffs filed no responsive pleadings thereto." Defendant North British, in its answer, pleaded as a defense to the first count of the petition the fact that appraisers had been appointed and had made findings as to the amount of the damage, which amount had been tendered to plaintiffs. Plaintiffs did not file a reply to the answer. Said defendant now asserts that since plaintiffs filed no reply to its answer the pleaded appraisal defense should have been considered admitted and hence the court erred in overruling its motion to dismiss filed prior to trial and its motion for judgment on the pleadings on the date the trial began. In support of this contention North British cites a portion of Civil Rule 55.11 which states that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleadings." However, that rule does not support North British because, in the situation here involved, plaintiffs were not required to file a reply. Civil Rule 55.01 provides that "[t]here shall be a petition and an answer; and there shall be a reply if the answer contains a counterclaim denominated as such; * * * No other pleading shall be required except that the court may order a reply to an answer * * *."

The answer of North British did not contain a counterclaim and the court did not order a reply. We therefore rule that no reply was required and, as provided in the last sentence of Civil Rule 55.11, the averments of the answer "shall be taken as denied." It follows that the trial court did not err in overruling the motions heretofore mentioned.

■ The final contention of defendants is that the judgments were grossly excessive, not supported by the preponderance of the credible evidence, and that they were the result of bias and prejudice on the part of the trial court. In approaching this assignment we have in mind that Civil Rule 73.01(d) provides that on appeal in a court-tried case "[t]he appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." We have already indicated that there was sufficient evidence to support the judgments. It is also our view that in making our findings this is a case where it is particularly appropriate that we defer to the findings of the trial court. This for the reason that the testimony was rather technical and it involved frequent references to samples of furniture, tile, and paneling which were exhibits in the trial but are not before us at this time. We therefore defer to the findings of the trial court on the disputed testimony and accordingly rule that the judgments were supported by the preponderance of the evidence and were not excessive.

As to Count I defendant North British particularly complains of the fact that the testimony as to the estimates of the cost of restoring the property did not include testimony that such was the "reasonable" cost. The usual measure of damages on both real and personal property is the difference between the reasonable market value before and after the injury. However, under some circumstances, the courts have approved as a measure of damages the cost of repair or restoration of the property to its former condition. Beaty v. N. W. Electric Power Cooperative, Mo.App., 296 S.W.2d 921 [5]; Southwestern Bell Tel. Co. v. Rawlings Mfg. Co., Mo.App., 359 S.W.2d 393[7]. In the case at bar, the parties stipulated that the measure of damages should be the restoration cost. The witnesses gave their estimates of that cost. No objection or motion to strike was made because of the failure of the witnesses to use the word "reasonable" in describing their estimates of the cost of restoration. We rule that under these circumstances the testimony constituted substantial evidence and the trial court did not err in considering and accepting it.

We also rule that there is nothing in this transcript to indicate that the trial court was biased or prejudiced in this case.

■ It has been called to our attention that the judgment against Hartford was computed on the basis of 76 days of business interruption when plaintiffs alleged only 73 days. As heretofore stated, plaintiff George Fletcher gave conflicting testimony on the date of reopening the business. Since the judgment on Count II exceeds the amount prayed for in the petition we rule that it is excessive to the extent of $210. Under the terms of the policies interest would not begin to accrue until 60 days after submission of proofs of loss. The court allowed interest on the judgments from February 10, 1964, which was 60 days after the submission of the original proofs. However, defendants objected to the proofs of loss and plaintiffs submitted new proofs on February 11, 1964. We accordingly have the view that interest was not allowable until 60 days after the latter date.

The foregoing errors do not require that we grant a new trial. It is our duty to give such judgments as the trial court ought to have given. Civil Rule 83.13(c). The judgments are therefore modified by reducing the amount of the award on Count II

from $5,320 to $5,110, and by changing the date from which interest shall accrue on the judgments in both counts from February 10, 1964, to April 12, 1964. As so modified the judgments are affirmed.

All concur.