**R. Lois SCOTT, Respondent,**

v.

**Charles Calvin SCOTT, Appellant.**

**No. 53776.**

Supreme Court of Missouri,
Division No. 2.

May 12, 1969.

Gene C. Morris, Rogers, Field & Gentry, Kansas City, for respondent.

Elwyn L. Cady, Jr., Kansas City, for appellant.

JACK A. POWELL, Special Judge.

This is an action on a foreign judgment. The plaintiff obtained judgment in the amount of $47,306.92 and defendant appeals.[1]

Plaintiff and defendant were divorced on July 31, 1963, by Decree of the District Court of Johnson County, Kansas. The Kansas court found that plaintiff and defendant had entered a property settlement agreement dated July 9, 1963, and that the property settlement agreement was reasonable, just, and equitable, and ordered it merged into the decree. The Kansas court then ordered defendant to pay to plaintiff alimony in gross of $43,340.00, payable in monthly installments. The installments

---

1. One jurisdictional basis suggested by defendant is that an interpretation of the United States Constitution is involved. We do not agree. See Roseberry v. Crump, Mo., 345 S.W.2d 117.

started at $210.00 per month and gradually increased until August 1, 1969, at which time they would be $460.00 per month and so remain until July 1, 1973. Defendant was given pre-payment privilege, but if defendant should default in payment and such default should continue for a period of 90 days, then the entire unpaid balance became due and payable. These terms were all set out in the property settlement.

On December 27, 1967, plaintiff brought this suit based on the judgment entered in the Kansas court. Plaintiff declared that defendant had made the alimony payments until August 1, 1964, but from and after that date had failed to make any payments; that the default had continued for a period of more than 90 days and that plaintiff was entitled to a judgment of $39,830.00 with interest at the rate of 6% per annum from November 1, 1964. Defendant's answer admits the divorce but sets up the defense that the property settlement contract which was merged in the decree was "concocted as a result of fraud practiced upon defendant by plaintiff." Defendant's answer contends that the divorce decree is valid, but that the part of the decree which governs alimony and incorporates the property settlement, is void.

Defendant-appellant in his brief sets forth two points. The first point is that the trial court "erred in holding that judgment for over $39,000 was entitled to full faith and credit under the United States Constitution since the judgment was void for unfairness under Kansas jurisprudence and since it was directly contrary to the public policy of Missouri." As case authority for this point, defendant cites two cases: Neddo v. Neddo, 56 Kan. 507, 44 P. 1, and Fincham v. Fincham, 160 Kan. 683, 165 P.2d 209.

In the Neddo case, the contract involved was an antenuptial contract. In the divorce action, the husband set up the contract as a defense to alimony. The contract barred either party from seeking alimony upon divorce. It provided that each party would retain his or her own property acquired before or after marriage. The husband was a man of means and the wife had only $50.00. The Court held that the contract ought not be enforced as it *encouraged a violation* of the marriage vows. The case of Fincham v. Fincham, supra, cites the Neddo case with approval and holds that under Kansas law, a contract made either before or after marriage fixing property rights between a husband and wife, is not against public policy, unless such contract encourages the separation of the parties.

In the divorce action here considered, the defendant's answer and cross-bill was filed May 14, 1963. The contract was not executed until July, 1963, and could not possibly have encouraged the separation of the parties within the meaning of the Neddo case. The contract stipulated that the parties were incompatible and living apart and that a divorce petition had been filed; that the contract was being entered into in order that the property rights of the parties might be fixed. Defendant's authorities are not factually applicable here.

■ Defendant recognizes that his answer amounts to a collateral attack on a foreign judgment. The law of Missouri is that a judgment of a sister state is subject to attack for (1) lack of jurisdiction over the subject matter; (2) failure to give due notice to the defendant; and (3) fraud in concoction of the judgment. In re Veach, 365 Mo. 776, 287 S.W.2d 753; Leichty v. Kansas City Bridge Co., 354 Mo. 629, 190 S.W.2d 201; Roseberry v. Crump, Mo.App., 353 S.W.2d 825.[2]

---

2. Additional authorities are: Gibson v. Epps, Mo.App., 352 S.W.2d 45; In re Barger, Mo.App., 365 S.W.2d 89; Nelson v. Browning, Mo., 391 S.W.2d 873; New York Knee Pants Co. v. Diamond, Mo.App., 11 S.W.2d 754; 30A Am.Jur., § 944, p. 831.

The record is clear that the foreign judgment was rendered by a court of competent jurisdiction over the subject matter. Nor can there be any question as to its jurisdiction over the parties and due notice to defendant. The defendant filed an answer and cross-bill after having been personally served with summons. The plaintiff was a resident of the State of Kansas. The plaintiff and her counsel appeared for the divorce trial. The defendant did not appear in person, but did appear by his two attorneys of record. We come then to the question of whether or not there was any fraud in the "concoction of the judgment."

■■ Defendant, in his points and authorities, and in his argument, does not talk in terms of fraud. Rather, he argues that the property settlement was unfair in that it required the defendant, who was in debt and without tangible assets, to pay alimony of over $39,000.00 in addition to supporting his children. While we are aware of the rule that a judgment of a court having jurisdiction cannot be impeached collaterally by showing that the evidence on which it was based would have been insufficient on appeal to sustain the judgment (La Presto v. La Presto, Mo., 285 S.W.2d 568), we proceed to examine all of the facts because of the allegation of fraud set up in defendant's answer.

The evidence presented in the court below by the plaintiff consisted of: (1) authenticated copies of the alias summons, the return, the petition for divorce, the answer and cross-bill, the decree of divorce, and the property settlement agreement referred to in the decree for divorce; (2) plaintiff's testimony; (3) authenticated copy of "Notice and Motion to Set Aside," filed by defendant in May, 1965, in the divorce action in Johnson County, Kansas, and the journal entry overruling the motion; and (4) certain answers to plaintiff's interrogatories filed by defendant.

Defendant's sole offer of evidence consisted of a portion of the plaintiff's original petition and plaintiff's first amended petition filed in the Missouri action. This was offered on the theory of an admission against interest in an abandoned pleading. This proof went to the question of whether defendant had paid his alimony and did not in any manner support the allegation of fraud. The defendant did not appear or testify.

■ We will not stray from our path to discuss the effect of defendant's unavailing efforts to attack the Kansas judgment in the courts of that state.[3] We are content to rest this decision on whether the defendant proved any fraud in the "concoction" of the Kansas judgment. Where a court has jurisdiction over the parties and the subject matter, it will be presumed that the court followed its laws and entered a valid judgment, and a party asserting the invalidity of the judgment has the burden of overcoming the presumption of validity, unless the proceedings show on their face that the judgment is not entitled to that presumption. McDougal v. McDougal, Mo.App., 279 S.W.2d 731.

■ Since the Kansas decree is proper on its face, the defendant had the burden of showing fraud. The facts disclose that the property settlement, which defendant is attacking, was executed by defendant on July 9, 1963. It was executed by plaintiff on July 11, 1963. Neither party was present when the other signed. The contract provided that it would be presented to the court with the request that it be made a part of the decree. The contract provided that $43,340.00 was reasonable gross alimony. It was to be paid in installments commencing at $210.00 each month with the installments gradually increasing until the termination date of June, 1973. The contract was submitted to the court in the presence of defendant's attorneys some twenty days after defendant

---

3. See Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186.

signed it. The evidence does not disclose the amount of defendant's indebtedness at the time of the divorce decree. Plaintiff testified defendant had a very small debt and that part of his college indebtedness had been paid off by plaintiff. Her testimony disclosed that defendant was a licensed medical doctor and that his education was a tremendous asset as to future earnings.

The record does not support defendant's contention that the contract and judgment was unfair, coerced, or concocted by fraud in any degree. The defendant in answering plaintiff's interrogatories, admitted that he had read the property settlement and had signed it in the presence of one of his attorneys. Further, that he had authorized his attorneys to present it to the District Court of Johnson County, Kansas. The Court entered judgment for alimony in accordance with the written request of the parties, both of whom were represented by counsel at the time the agreement was executed and at the time of the trial. For collected cases supporting the proposition that a judgment pronounced by consent of parties or upon stipulation should be accorded the same force as other judgments, see McDougal v. McDougal, supra.

■ The plaintiff offered into evidence some answers of defendant to interrogatories propounded by plaintiff. One interesting answer deserves consideration although refused by the trial court. Defendant's answer admitted his remarriage on August 1, 1963, the day following his divorce. This evidence was probably admissible in view of defendant's allegation of fraud in the concoction of the judgment, as it goes to the question of whether defendant entered the contract because of some unconscionable action on the part of plaintiff, or for other reasons personal to defendant's own desires and interests. Point I is ruled against defendant.

The second and last point raised by defendant is that the trial court "erred in setting aside a judgment on its own motion and thus placing defendant in a less favorable position than he was in at the time a motion for new trial was filed in the absence of any notice to defendant to afford opportunity for the full representation of counsel guaranteed by the United States Constitution."

Defendant's complaint is based on the following facts. At the outset of the trial, defendant requested that the court enter findings of fact and conclusions of law. On January 12, 1968, the court made a judgment entry without designated findings of fact and conclusions of law. On January 25, 1968, defendant filed his motion for new trial and among the grounds set forth, was the alleged judicial error in not entering findings and conclusions. Thereafter, on February 7, 1968 (and within the 30 day period) the trial court set aside the judgment entered on January 12, 1968, and entered a new judgment identical to the prior judgment but accompanied by designated findings of fact and conclusions of law. Defendant complains that the court did not notify him and give him an opportunity to be heard before it set the original judgment aside and entered a new one, with findings.

Defendant cites three cases: Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, and Albert J. Hoppe, Inc. v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 23 A.L.R.2d 846.

■ The cases of Gideon v. Wainwright, supra, and Powell v. Alabama, supra, have no applicability to this case. Both parties in this case were at all times represented by counsel and, further, this is not a criminal law case. No useful purpose would be served by further discussing the dissimilarities. In Albert J. Hoppe, Inc. v. St. Louis Public Service Co., supra, a judgment was entered in favor of the defendants. Twenty-nine days after the judgment, and without notice to any of the parties and without a hearing, the court

of its own motion set aside the judgment and granted plaintiff a new trial. We held that if a court intends to summarily vacate a judgment, the party in whose favor such judgment stands of record is entitled to reasonable notice and a hearing. But that case is not applicable under the present facts. No rights were arbitrarily taken away from this defendant. Not only was the court's action not adverse to any rights being asserted by defendant, it was, in fact, performing an act which defendant complained it had not performed. Further, when defendant filed his motion for new trial setting forth his complaint that the trial court had not filed findings of fact and conclusions of law, defendant was thereby put on notice that the court might act to correct this alleged failure. For cases more nearly in point, see: Fritzsche v. East Texas Motor Freight Lines, Mo. App., 405 S.W.2d 541, and Vaughn v. Ripley, Mo.App., 416 S.W.2d 226. These cases point out the distinguishing characteristics referred to herein.

Civil Rule 75.01 provides in part as follows: "The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time * * *." Fletcher v. North British and Mercantile Insurance Co., Mo. En Banc, 425 S.W.2d 159, construes this rule under facts identical to the case at bar. We there held that when a trial court enters its judgment and overlooks the fact that a request for findings was made, the court may, of its own motion, correct same; and the fact that the court failed to make findings prior to entry of the first judgment was no longer a matter of consequence.

■ Defendant was given notice of the order setting aside the original judgment; of the entry of the second judgment; and of the findings of fact and conclusions of law. Defendant, thereupon, filed a second motion for new trial. In consequence, there is no merit to defendant's contention that the action of the trial court placed defendant in a less favorable position.

The judgment should be and is hereby affirmed.

FINCH, P. J., and MORGAN, J., concur.

DONNELLY, J., not sitting.