Joel A. **ARRINGTON and Edith L. Arrington, Plaintiffs-Appellants,**

v.

**Douglas A. LOEHR and Pamela Kay Loehr, Defendants-Respondents.**

No. 11788.

Missouri Court of Appeals,
Southern District,
Division Two.

July 8, 1981.

Motion for Rehearing or to Transfer to Supreme Court Denied July 29, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Thomas H. Stahl, Hall & Stahl, Inc., Gladstone, for plaintiffs-appellants.

Ralph W. Gilchrist, Bolivar, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiffs sought injunctive relief to prevent defendants from using a "driveway" or "road" located on plaintiffs' land. The trial court found that it was a public road and denied plaintiffs' request.

At the conclusion of the evidence plaintiffs requested findings of fact and conclusions of law. The trial court took that request under advisement but sustained defendants' motion to dismiss, dismissing plaintiffs' petition without prejudice. The docket sheet reflects that seven days later plaintiffs filed a "Motion to Set Aside The Judgment Rendered and to Enter Judgment for the Plaintiffs in Accordance with The Prayer Of Plaintiffs' Petition, Or In the Alternative, Plaintiffs' Motion For New Trial". That motion is not included in the legal file as required by Rule 81.12(a), V.A.M.R. Three days thereafter the court "sustained" plaintiffs' request for findings of fact and conclusions of law and "on its own motion", apparently without notice to either party, vacated the order dismissing plaintiffs' petition without prejudice. The parties were then given 30 days to submit proposed findings of fact and conclusions of law, which they did. Thereafter, plaintiffs' counsel argued plaintiffs' after-trial motion.

After taking the matter under advisement plaintiffs' motion was overruled and judgment in favor of defendants entered. Plaintiffs' first two points complain that the order vacating the dismissal without prejudice was void or an abuse of the court's discretion because (1) it was done without notice and an opportunity for them to be heard, and (2) it was without "good cause" as required by Rule 75.01, V.A.M.R. We consider the points together.

Plaintiffs' motion asked the court to set aside the dismissal and the court did so. This order put the parties back in the position they were at the conclusion of the evidence. Plaintiffs proceeded to file their proposed findings of fact and conclusions of law and argued their motion for new trial without complaining of the court's action. It was only after the court entered judgment denying their claim with prejudice that they contended that the earlier order was improper.

 Plaintiffs' request for findings of fact and conclusions of law, made during the arguments following the presentation of evidence, was timely. *Lopez v. Vance*, 509 S.W.2d 197, 204 (Mo.App.1974). The trial court was obligated under Rule 73.01, V.A.M.R., to dictate or prepare and file "a brief opinion containing a statement of the grounds for its decision". This was not done initially. When the judge stated that he would make findings of fact and conclusions of law, he also set aside the order dismissing plaintiffs' petition. When a trial court enters a judgment and fails to make requested findings, it may, of its own motion, set aside the judgment. *Fletcher v. North British and Mercantile Insurance Company*, 425 S.W.2d 159, 162 (Mo.banc 1968); *Scott v. Scott*, 441 S.W.2d 330, 335 (Mo.1969). As stated in *Fletcher*, upon the judgment being set aside, the case was "restored to the breast of the court" as though the prior judgment had never been entered. The action of the trial court in setting aside a judgment for failure to make findings of fact and conclusions of law as requested by a party was said in *Fletcher* to be for "good cause" as authorized by Rule 75.01, V.A.M.R.

 We think the trial judge had the authority to set aside the dismissal because of noncompliance with Rule 73.01.1(b), V.A.M.R. (1980), and was not required to give any notice to plaintiffs. If a court intends to vacate a judgment, the party in whose favor such judgment stands is entitled to reasonable notice and hearing but that right does not apply where no rights are taken from the party. *Scott v. Scott*, supra, 441 S.W.2d at 335; *Fritzsche v. East Texas Motor Freight Lines*, 405 S.W.2d 541, 545 (Mo.App.1966). Plaintiffs received part of the relief they asked for in their after-trial motion and were restored to the position they were in when the evidence concluded. After the order of dismissal was vacated they apparently felt that they were in a better position than they had been earlier as they did not complain of the court's action and proceeded to argue for a judgment in their favor. *Scott* held that when a party complained in his motion for new trial that the court had not filed findings of fact and conclusions of law, he was put on notice that the court might set aside the judgment to correct this failure. 441 S.W.2d at 335. Plaintiffs did not include their after-trial motion in the legal file, but we think their oral requests made both before and after the dismissal, and the judge's announcement that he would take the request under advisement, was notice that he might so act. Plaintiffs' points I and II are denied.

 Plaintiffs also contend that the trial court erred in determining that defendants' answer was amended by consent of the parties under Rule 55.33(b). The court found that the parties tried by consent whether the public had a right to use the road or drive. In considering this point we assume, without deciding, that defendants should have pled in their answer that it was a public road. Defendant offered several witnesses only going to that issue and there was no objection that their testimony was beyond the scope of the pleadings. Whether the road was public was the "hotly contested" issue in the trial and this issue should be treated as if it was raised in the

pleadings. *Woolfolk v. Jack Kennedy Chevrolet Company*, 296 S.W.2d 511, 516 (Mo.App.1956); *Payne v. White*, 288 S.W.2d 6, 10 (Mo.App.1956). See also *City of St. Charles v. De Sherlia*, 308 S.W.2d 456, 464 (Mo.App.1957).

Plaintiffs also contend that the evidence was insufficient for the court to find that a public road had been established. Defendants contend that a public road was established under § 228.190, RSMo 1978, by public user for ten continuous years during which time public money or labor was expended on the maintenance of the road.

■ To establish a public road under § 228.190 it is not necessary to prove a constant expenditure of public money or labor on the road or expenditure each and every year for the ten year period, but it is sufficient to show that the expenditure began and continued from time to time for the ten year period as reasonably might be considered necessary and expedient by those in authority, and that such expenditure was sufficient to maintain the road in condition for public travel. *Dayton Township of Cass County v. Brown*, 445 S.W.2d 322, 324 (Mo.1969); *Liberty Township of Stoddard County v. Telford*, 358 S.W.2d 842, 843 (Mo.1962); *Wilson v. Sherman*, 573 S.W.2d 456, 458 (Mo.App.1978). Whether a road is public is determined by the extent of the right to use it and not by the extent to which that right is exercised or by the quantity of travel over it. *Wilson v. Sherman*, supra, 573 S.W.2d at 460.

■ Plaintiff Joel A. Arrington testified that in the eight years he owned the property the road goes through he saw "the county maintainer maintain that road" three times. The third time he asked that he be sent a bill for the work but did not receive one. An associate county judge testified that Arrington had requested a bill but one was not sent because the county court considered it to be a county road. Another witness testified that more than twenty years before trial he helped build the road and that thereafter the county maintained it until about one and one-half years before trial when the county grader operator who had worked on it died. A former owner of defendants' property testified that the county periodically maintained the road from 1958 until 1976. A witness living nearby said that in the twenty-two years he had lived there he had "several times" seen the "county maintainer maintain" the road. A witness who is occasionally in the area said that over the last "10 to 15 years" he has seen the county grader being used on the road two or three times. Plaintiffs offered no evidence that they maintained the road. Photographic exhibits indicate that the road was maintained sufficiently for public travel.

There was evidence that since 1958 the road had been used from one to four times a year by a man who owned land adjoining plaintiffs' to reach his property. The former owner of defendants' property stated that in the eighteen years that he owned the property he used the road whenever he needed to without "any agreement" about the use of it. A witness testified that nothing was ever said about it being a private road and that he "always came and went as he wanted to." Another witness testified that during the last twenty years the general public has used the road. A witness testified that he used the road during bad weather to get to his cattle. Witnesses testified that they had used the road to haul hay and wood and that hunters and fishermen had used the road.

Some of the testimony on the use of the road and its maintenance was conclusional, but as no objection was made we consider it in determining if the evidence was sufficient. *Williams v. Deere and Company*, 598 S.W.2d 609, 613 (Mo.App.1980); *Bourne v. Manley*, 435 S.W.2d 420, 428 (Mo.App.1968). This court in *Wilson v. Sherman*, supra, recently discussed many of the cases applicable to determine if the evidence was sufficient to establish a public road under § 228.190, and we see no reason to lengthen this opinion by doing so again. Considering *Wilson* and the cases there discussed we think that public user and the expenditure of public funds was sufficiently shown.

The judgment is affirmed.

All concur.