Tommy THOMPSON,
Plaintiff-Appellant,

v.

COUNTY COURT OF PERRY COUNTY,
Defendants-Respondents.

No. 51064.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Jan. 13, 1987.

Motion for Rehearing and/or Transfer
Denied Feb. 11, 1987.

Application to Transfer Denied
March 17, 1987.

Francis J. Toohey, Perryville, for plaintiff-appellant.

John G. Meyer, Perryville, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment affirming the action of the County Court of Perry County in refusing to maintain two roads in that county. We affirm.

Plaintiff petitioned the then judges, now commissioners, of Perry County to maintain portions of two roads in the county. The county roads involved were 738 and 740 at the extreme western edge of the county. The maintenance requested was of the westernmost three-quarters of a mile of 738 and westernmost two miles of 740. Both 738 and 740 have been maintained by the county up to those points, and to those points are clearly county roads. At the first meeting of the petitioners and the court the court advised petitioners the roads had not been maintained for 14 years and "in accordance with State Statutes the road is deemed abandon." The meeting was adjourned to the next day to allow the court to present the state statute. The next day at the adjourned meeting the court ordered that the portions of the roads involved "remain abandoned in accordance with RSMo 1978, Sec. 228.190, 'Roads non-use by the public for five years continuously of any public roads shall be deemed an abandonment and vacation of the same.'"

From this order plaintiff took an appeal to the Circuit Court. By motion to dismiss, the county court raised the issue that the "above-described roadways are not public roads and have never been established as public roads by an order of the county Court." That motion was not ruled upon until the conclusion of trial, when it was denied. Thereafter the trial court affirmed the order of the County Court on the basis that the order issued "vacating" the portions of the roads "was not unreasonable or unlawful." No other findings or conclusions were made.

The portions of the roads in question are by any description rudimentary. They were described as "trails", "paths", as being 10 feet or less in width, partially gravel but mostly dirt, replete with mudholes, curved in places because of the presence of large trees in close proximity on either side, as having no drainage ditches or tiles,

and being traversable only with four wheel drive vehicles or recreational vehicles. There was also evidence that at various times fences or wire gaps were across them. These conditions have been true for many years and very possibly always. There was considerable testimony concerning use or non-use by the public over the years, some of it in sharp conflict.

The statute which governs this case is Sec. 228.190 RSMo 1978. It reads:

"All roads in this state that have been established by any order of the county court and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads; and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads; and nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same."

 There are two ways under the statute to establish a public county road. First is by order of the county court and public user for ten years. The second is by public user for ten years and expenditure of public money or labor for that same period. Although public money or labor does not have to be constantly expended, one or the other must have been commenced and continued from time to time for the period of limitation to the end that the road is kept in substantial repair and condition for public use and travel. *Jenkins v. German*, 298 S.W.2d 486 (Mo.App. 1957) [2, 3]; *Arrington v. Loehr*, 619 S.W.2d 888 (Mo.App.1981) [6, 7]. Plaintiff is seeking to compel the maintenance of these roads by the county and bears the burden of establishing that they are public roads. If that burden is met it becomes the burden of the county to establish the five year nonuser to establish abandonment.

 Plaintiff asserts that the action of the trial court in denying defendants' motion to dismiss is a finding that the roads were public county roads. We disagree. The motion was directed to the sufficiency of the petition to authorize relief. Its deni-

al is no more than a finding that the petition (in this case appeal) was sufficient to state a basis for relief. It does not establish that factually the allegations of the petition are true. The question of the establishment of the disputed sections as public roads was the subject of evidence at the trial and was a question of fact for resolution by the trial court in its judgment.

There is no evidence that these sections of the roads were ever established by order of the county court. Plaintiff must therefore rely upon user and maintenance for ten years. Our review is that mandated by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) [1-3] which has been so oft-repeated we will not further state it here. There was arguably evidence that the requisite user occurred, although the testimony does not indicate clearly the roads were readily usable by normal vehicles through any ten year period. It is questionable that use only by specialty vehicles meets the statutory requirement of use by the public as a road.

▪ That aside, the evidence does not demonstrate the requisite maintenance. At most it indicates that on occasion the county grader graded in the areas in dispute prior to 1971. The man who operated the grader prior to 1971 testified. Viewed charitably his testimony would indicate that for 20 years he would grade these roads every two or three months. The trial court is not required to view the testimony charitably. The testimony was marked largely by confusion. The witness had great difficulty identifying the roads he graded, the period of time when he graded these roads, and where on these roads he graded if he did. His testimony also does not establish that any grading he did was requested or ordered by the county officials or that they were even aware that he was grading these roads. The evidence also reflected that prior to 1971 the county on occasion graded private roads and was paid by the landowner for doing so. The grader did not know whether the landowners may have paid for the grading he did. Possible grading of the roads by an employee without direction or knowledge of the county officials does not establish

that the county kept the road "in substantial repair and condition for public use and travel." Other witnesses who testified to maintenance either could not identify who did the maintenance or testified to observing county grading on one or two occasions but not over the requisite statutory period. There was evidence introduced by the defendants that maintenance of these roads was never performed by the county.

▪ Nor do we find that the erroneous designation by the County Court of its reason for denying maintenance compels a reversal. The issue before us and before the trial court is whether the refusal to maintain these roads is erroneous. That the County Court may have refused maintenance for the wrong reason is of no consequence. The obligation of the County to maintain the roads exists only if the roads are public. That defendants may have initially believed them to be public roads does not prevent them from now contesting that status. Plaintiff has failed to carry his burden of proving these are public roads.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.