Ray MILLER, Jewell Toppins, and Terry Miller, Plaintiffs/Respondents,

v.

Thomas ANTHONY and Nancy Anthony, Defendants/Appellants.

No. 60193.

Missouri Court of Appeals, Eastern District, Division One.

March 10, 1992.

Medford Dwight Robbins, Frederick-town, for defendants/appellants.

Steven Eugene Jordon, Farmington, for plaintiffs/respondents.

REINHARD, Presiding Judge.

Defendants appeal from the trial court's judgment which determines the section of roadway at issue is not a public road and which enjoins defendants from entering upon that section of roadway. We affirm.

Plaintiffs Ray Miller and Terry Miller own a piece of land on the north side of County Road 259 in Madison County, Missouri. Plaintiff Jewell Toppins owns the land on the south side of the road. Defendants own land to the west of the plaintiffs which is bisected by the Castor River. County Road 259 is recognized by both parties as a public road, but the parties disagree at what point the roadway, which extends to the Castor River, ceases to be public. Plaintiffs contend the road is private west of Jewell Toppins' house. Defendants have access to their property west of the river by a county road and plaintiffs contend a ford in the river gives defendants access to the eastern parcel.

Temporary restraining orders were issued prohibiting either party from threatening, molesting or annoying the other and prohibiting plaintiffs obstructing or in any way preventing defendants access to the roadway. Another injunction was later entered preventing plaintiffs from denying defendants access to the road "unless or until [the order is] otherwise altered by law." A subsequent hearing was held.

At the hearing, Joan Whitener, the county clerk for Madison County, testified she found no records indicating that any portion of Road 259 had been declared public. Delmar Cureton, foreman for the Madison County road and bridge crew for the last 23 or 24 years, testified that during this time Road 259 has been maintained only as far as the Toppins house. He noted that no one had ever resided past that point. Ken Pate, presiding commissioner of the county court, testified he has not directed anyone to maintain the road past the home of Jewell Toppins, but conceded he did not know where County Road 259 officially ends.

Plaintiff Ray Miller testified he had lived at his residence for 35 years and had never seen the road maintained past the Toppins house. He also testified he constructed a locked gate across the roadway 14 years ago to bar access to the roadway. He stated that Woodruff, the prior owner of the defendants' land, did not object to the gate; Miller allowed Woodruff passage through the gate, but Woodruff rarely used the road. Miller further testified that defendants had damaged his fence and locks while gaining access to the roadway in defiance of the gate. On cross-examination Miller acknowledged he did not know whether a passable ford existed on the defendants' property. Toppins' testimony was similar to Miller's. She stated that the roadway in question was never maintained by the county and that the gate was constructed 14 years ago to keep out trespassers.

Defendants presented numerous witnesses who testified they used the roadway in recent years to reach the river, which was a popular swimming spot. The witnesses stated a gate was located on the road just past the Toppins house, but that until recently it was not kept locked.

The court found the section of roadway past the Toppins house had not been constructed or maintained with public money or labor and, therefore, plaintiffs had a legal right to bar defendants' access to the roadway. An injunction to that effect was entered and an award of $125.00 was granted to plaintiffs for destruction of fence and locks.

On appeal, defendants contend the trial court erred as a matter of law by entering a judgment for plaintiffs because persons claiming abandonment of a public road

bear the burden of proving the road has been abandoned. We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Defendants rely on *Dodge v. Wiles*, 766 S.W.2d 695 (Mo.App.1989) for the correct principle of law that one claiming the abandonment of a public road bears the burden of proving that abandonment. Their argument, however, reveals they misunderstand the trial court's judgment against them. The judgment was premised on the finding the roadway west of the Toppins house was *never* a public road. Section 228.190, RSMo 1986 controls.[1] There are two ways under the statute to establish a public county road. The first is by order of the county court and public use for ten years. The second is by public use for ten years and expenditure of public money or labor for that same period. *Thompson v. County Court of Perry County*, 724 S.W.2d 686 (Mo.App.1987). No county records were found in this case declaring the road public and plaintiffs' evidence was uncontroverted that no county money or labor was expended in maintaining the road. The trial court did not err.

Affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.

---

1. Section 228.190 provides:
   All roads in this state that have been established by any order of the county commission, and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads; and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads; and nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same.