**Randy ANKROM and Arlene Ankrom Husband and Wife, Plaintiffs–Appellants,**

v.

**Denzil ROBERTS, Presiding Commissioner of Polk County, Missouri, Billy Dryer, Associate Commissioner of Polk County, Missouri, Rick Gazaway and Deborah Gazaway Husband and Wife, Mike Harris and Pamela Harris Husband and Wife, Defendants–Respondents.**

No. 25107.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 18, 2004.

K. Patrick Douglas, Douglas, Lynch, Haun & Kirksey, P.C., Bolivar, for appellants.

M. Scott Montgomery, Springfield, for respondents Rick and Deborah Gazaway.

John A. Parks, Hermitage, for respondents Mike and Pamela Harris.

NANCY STEFFEN RAHMEYER, Chief Judge.

Randy and Arlene Ankrom ("Appellants") appeal from a judgment that denied Appellants' request to have a corridor of land declared a public roadway. The trial court executed and adopted findings of fact and conclusions of law proposed by Rick and Deborah Gazaway and Mike and Pamela Harris,[1] the property owners of

1. Hereafter these parties are collectively called Respondents and individually by their last names.

the land on which the alleged public roadway traversed. As to the Gazaway property the trial court found that "[i]f the public road proposed by Plaintiffs ever existed as a public road, it has been abandoned and vacated." As to the Harris property the court made the finding that "[t]he roadway on Defendant Harris' property has been abandoned by the public for twenty-five (25) plus years." The trial court found that § 228.190 [2] was applicable and that if a public road ever existed it was abandoned due to nonuse.

The findings of abandonment form the basis of Appellants' sole point relied upon. Specifically, Appellants aver trial court error because they claim the trial court found a public road was established by common law dedication and that § 228.190 cannot be used to find abandonment when a road has been established in such a way. Respondents moved for sanctions for a frivolous appeal and contend the judgment does not indicate that the trial court found a public road established by common law dedication. We affirm the judgment but deny the motion for sanctions.

■■■■ This case was tried without a jury; therefore, appellate review of the judgment is pursuant to Rule 84.13(d).[3] The judgment will be affirmed unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or it erroneously declares or applies the law. *Kleeman v. Kingsley*, 88 S.W.3d 521, 522 (Mo.App. S.D.2002); *see also Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[4] None of the parties involved in this case requested findings of fact or conclusions of law from the trial court; therefore, all issues of fact on which no specific findings were made are considered to have been found in accordance with the judgment. Rule 73.01(c); *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). This court is "primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result." *Business Men's Assur. Co. of America v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999).

Appellants' point relied on presumes that the trial court determined a public roadway was established by common law dedication and claim it is therefore ineligible for abandonment under § 228.190. Appellants do not point to any direct finding concerning common law dedication but rather arrive at their point by reasoning that there was no substantial evidence to support a finding of the establishment of a public road by any method other than common law dedication. Appellants arrive at that conclusion by process of elimination. They argue there was no evidence of the creation of the road by prescription and insufficient evidence of a road created pursuant to § 228.190; therefore, the court must have found the road was created by common law dedication. Appellants only challenge the finding of abandonment if the court is held to a finding of a common law dedication. They do not argue error if the court found the establishment of a road under the provisions of § 228.190 or by prescription.

■■■■ By their argument, Appellants attempt to force Respondents into proving the establishment of a public road pursuant to § 228.190 or by prescription. That is not Respondents' burden. Appellants bore the burden of establishing that the

**2.** All references to statutes are to RSMo 2000 unless otherwise indicated.

**3.** All references to rules are to Supreme Court Rules (2003) unless otherwise indicated.

**4.** *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that Rule now appear in essentially the same form in Rule 84.13(d).

disputed land was a public road. *Thompson v. County Court of Perry County*, 724 S.W.2d 686, 687 (Mo.App. E.D.1987). Appellants argued at trial that they had presented sufficient evidence to conclude that a public road was created by either common law dedication or under § 228.190. Respondents argue it is disingenuous for Appellants to now argue to this court that they did not actually present enough evidence to support the establishment of a public road under § 228.190. We agree. The burden remains on Appellants to prove the existence of a public road; the Respondents have no burden to prove the creation of a public road by § 228.190 or any other means.

A public road, excluding state roads, may be created in one of three ways: "(1) under the provisions of chapter 228, RSMo, (2) by prescription, or (3) by implied or common law dedication." *Atwell v. Jack Henry and Associates, Inc.*, 748 S.W.2d 929, 934 (Mo.App. S.D.1988). The first manner in which a public road may be created, under Chapter 228, provides that a public road may be established either by order of the county court and public use for ten years or by public use for ten years and expenditure of public money or labor for the same time period. § 228.190; *Miller v. Anthony*, 825 S.W.2d 67, 69 (Mo.App. E.D.1992). Appellants did not argue that the second method to create a public road, prescription, applied nor did they present any evidence to support prescription as a theory at trial. The third manner in which a public road may be created is common law dedication, which is "proven by showing: (1) that the owner, by unequivocal action, intended to dedicate the land to public use; (2) that the land dedicated was accepted by the public; and (3) that the land dedicated is used by the public." *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504, 507–508

(Mo. banc 1993). The intention of the owner to establish land for public use is the foundation of every common law dedication. *Id.* at 508.

Reviewing the findings of the trial court concerning the Gazaway property first, the trial court did not make a conclusive finding whether a public road ever existed on their property. The court made several findings concerning the corridor of Gazaway's property claimed to be a public road:

2. During the eleven years while the Gazaway's [sic] have resided upon their property, no one has traveled the entire length of the public road proposed by Plaintiffs.

. . . .

8. Plaintiff Randy Ankrom admitted that no person has traveled the entire length of the public road proposed by Plaintiff during the last five years because it is impossible to do so.

9. From 1975 until 1991, Zana Abbott lived upon the 20–acre tract where the Gazaway's now reside.

10. During the time when Zana Abbott lived upon the 20 acres, no one traveled the entire length of the proposed public road from Highway 123 to Farm Road 455.

. . . .

36. The public has not used the alleged public road for a continuous period of five years prior to the date of the trial.

37. If the public road proposed by Plaintiffs ever existed as a public road, it has been abandoned and vacated.

38. Section 228.190 RSMo. states that: "non use by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same."

This section is applicable to the case at hand and the alleged public road, if it ever existed as a public road, has been abandoned and vacated.

■ A fair reading of the finding of the trial court regarding Gazaway's property does not support Appellants' contention that the trial court necessarily found a public road created by any method. The judgment states no facts that would indicate an "unequivocal action" which is necessary for common law dedication by the landowners. Although Appellants contend that the Gazaway deed contained the necessary intent for a common law dedication because the deed states that the property lies "South of the public road," Appellants presented no evidence of a formal acceptance to prove the intent necessary for dedication. A common law dedication may occur without a formal acceptance by the governing body only when strong conclusive evidence shows that the owner intended to dedicate the land to public use, that the public accepted the land, and that the public used it. *Atwell,* 748 S.W.2d at 935. What the Appellants offered as proof of intent, i.e., the language contained in the deed describing where the property is located, does not provide strong, conclusive evidence of an intent for common law dedication.

■ Contrary to Appellants' argument for common law dedication of the Gazaway property, the judgment states facts that indicate an attempt at proof concerning the dedication of a public road created pursuant to § 228.190. Significantly, the trial court made several findings regarding the nonuse provision of § 228.190 to find the road abandoned. The court found that timber was growing in the alleged public road, that fences and debris obstructed the road, and that the public had not used the road for a continuous period of five years prior to the trial because "it is impossible to do so." The trial court found that though the Fair Play Special Road District maintained the road, the maintenance by the Road District "occurred sporadically" with no findings of fact indicating that the public maintenance lasted for ten continuous years as required by § 228.190. The court specifically found that no evidence was offered that would suggest public money was spent on the road. There was a notable absence of findings to support a finding of common law dedication. Appellants' argument for common law dedication of the Gazaway property fails if a public road was never created or if it was created according to § 228.190. We find no error in the trial court's finding concerning the Gazaway property that if there ever was a public road that it has since been abandoned.

■ Turning to the adopted findings of fact concerning the Harris property, the trial court made a specific finding that "[t]he east twenty (20) feet of Defendant Harris' property was burdened as a public road which existed as early as the 1930's." In its conclusions of law, the court additionally stated, "[t]he public road over the east twenty (20) feet of Defendant Harris' property has been abandoned by non-use pursuant to Section 228.190 VAMS." Appellants err when they state the court found a public road by common law dedication. There was no specific finding as to how the public road was established but the court clearly ruled that it was abandoned pursuant to § 228.190.

■ Appellants argue that because Harris' warranty deed contained the phrase "except that part for public roads" it manifested an intent for common law dedication. "In a common law dedication by deed of land for a county road, there must be an acceptance by the public through some action by the county court

(now county commissioners), as no private person can establish, by unilateral act, a public road over his own property." *Atwell*, 748 S.W.2d at 934. Appellants again presented no evidence of a formal acceptance. The only evidence Appellants presented to prove the intent of a dedication was the language from the deed. This language does not state where a road would start, traverse, or end resulting in a vague reference to existing and future public roads. This does not equate to strong conclusive evidence of an intent for common law dedication of the Harris property. The court could properly find a failure of proof as to common law dedication. Again, as in the Gazaway property, the burden of proof was on the Appellants to prove a public road existed.

■ Appellants' argument that we must find a public road created by common law dedication is erroneous. We find that no public road was created by common law dedication because 1) this court views the evidence in favor of the Respondents, 2) it was Appellants' burden to establish a public road existed, 3) this court considers only the issues raised in Appellants' point relied on,[5] and 4) any issue of fact on which no finding was made is considered to have been found in accordance with the judgment. Because we find that the trial court did not find a public road created by common law dedication, we do not address Appellants' claim of trial court error in applying § 228.190. We conclude the point must be denied.

The judgment is affirmed.

PARRISH, J., and SHRUM, J., concur.

---

5. "The questions for decision on appeal are those stated in the points relied on." *Ulman-* *is v. Ulmanis*, 23 S.W.3d 814, 817 (Mo.App. S.D.2000).