**SWANSON'S, INC., Plaintiff-Respondent,**

v.

**Brenda C. SCOTT, Defendant-Appellant.**

**No. KCD30006.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Jon Reginald Gray, Kansas City, for defendant-appellant.

Herbert R. Fineburg, Berman, DeLeve, Kuchan & Chapman, Kansas City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals a judgment entered against her by the circuit court on appeal from the magistrate court. The case was tried to the court.

The defendant raises an issue concerning the propriety of the trial court's denial of an oral motion for continuance and a claim of error with respect to evidence which was not raised in the motion for new trial.

The points stated and the brief are so violative of the rules with respect to the presentation of an appeal to this court that dismissal would be justified. Since it would require more effort to catalog the error in the briefing than it would to deal with the only substantive question presented, the claims will be considered.

■ Defendant claims the trial court erred in denying an oral request for a continuance. The request for a continuance was not in writing as required by Rule 65.03 and contained no affidavit. In the absence of compliance with this rule, there can be no abuse of discretion in denying a continuance. *Searles v. Searles,* 495 S.W.2d 759 (Mo.App.1973). In the brief, defendant has argued the reasons submitted to the trial court for continuance—that she had obtained an expert witness who was unable to be present and that she had been unable to obtain counsel. The record does not support those claims. The case was set pursu-

ant to a written request for continuance in writing by the defendant, consented to by the plaintiff, and granted by the court on or about July 25, when the court advised her to obtain counsel. The case was filed originally in the magistrate court in October, 1973, and the defendant discharged her counsel two days before a default was rendered in the magistrate court and approximately six months elapsed after the magistrate court judgment before the setting of the circuit court. There is no basis to find that the trial court abused its discretion in failing to grant a continuance.

█ The second issue raised by the defendant is not contained in the motion for new trial. Defendant argues that she had obtained an expert witness who was unavailable, but that claim of error was not contained in the motion for new trial, and nothing in the transcript even suggests that it was called to the attention of the trial court. Apparently some claim was made in the suggestions in support of motion for new trial in respect to this matter, but the suggestions are not contained in the transcript. This court may not consider any matter not set forth in the transcript. *Laclede Gas Company v. Hampton Speedway Company,* 520 S.W.2d 625 (Mo.App.1975).

The judgment is affirmed.

All concur.