**In re the Marriage of Charlotte Ruth SCHREIER, Petitioner-Appellant-Respondent,**

v.

**Bernard J. SCHREIER, Respondent-Respondent-Appellant.**

**Nos. 42727, 42728, 42759, 42858 and 42846.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 17, 1981.

J. Lloyd Wion, Clayton, for Charlotte Ruth Schreier.

Dallas W. Cox, Jr., St. Louis, for Bernard J. Schreier.

PUDLOWSKI, Judge.

This is a dissolution of marriage proceeding in which neither party questions the dissolution of the marriage, but both parties question virtually every other aspect of the judgment including the jurisdiction of this court. Before proceeding to an examination of the decree itself we must first determine whether we have jurisdiction to do so.

## I. *Jurisdictional Issue*

On October 23, 1979 the trial court issued its first decree in dissolution of the marriage. By virtue of the property division in this decree a tenancy in common in one parcel of real property was created between the appellant (Charlotte Schreier) and respondent (Bernard Schreier). The legal description of this property is, "Lot 42 of LAUREL OAKS ESTATE PLAT NO. 1 as recorded in Plat Book 121, Page 87 of the St. Louis County Records" (hereinafter Gregory Court property). Its market value was assessed at $74,000.00 with a $26,000.00 outstanding mortgage. In the October 23 decree the trial judge also awarded to the appellant sole ownership of the second parcel of real property involved in the dissolution. The legal description of this property is "Part of Lot 'A' of Subdivision of Lot 1 of BOLI TRACT in U.S. Survey 457, Township 44 North, Range 6 east . . ." (hereinafter Bridle Trail Lot). Its market value was assessed at $26,000.00.

On November 6, 1979 respondent filed a motion to set aside the judgment and enter an amended judgment or, in the alternative, for a new trial. Seventy-three days later, on January 18, 1980, the trial court sustained respondent's motion to set aside the decree of October 23, 1979, and he stipulated he would render an amended judgment.

On February 5, 1980 the trial court rendered an amended decree of dissolution. In this decree the appellant received the Gregory Court property, which was valued at $26,000.00. Furthermore, the appellant was awarded a $24,000.00 money judgment against respondent. Respondent received the Bridle Trail Lot, which was valued at $74,000.00 with a $26,000.00 outstanding mortgage. It is clear from the record on appeal that the trial judge scrambled the legal descriptions and values of the two lots. On February 27, 1980 respondent raised this mistake in descriptions as the basis for his motion to set aside the judgment of February 5, 1980 and enter an amended decree, or, in the alternative, for a new trial.

On March 3, 1980 respondent's motion to set aside the judgment was sustained. At the same time the trial judge amended the decree of dissolution filed February 5, 1980.

The new amended judgment rectified the mistaken property descriptions in the February 5th decree. In doing so, however, the trial judge inadvertently deleted the $24,000.00 money judgment in favor of appellant against respondent. Nine days later (March 12, 1980), both parties filed a notice of appeal to this court. Apparently on the same day the trial court gave notice of a possible amendment to the March 3 decree.

On March 13, 1980 the trial judge on his own motion purports to set aside the judgment of January 18, 1980 and issue a new decree of dissolution. In this decree the judge makes reference to his mistake in the legal descriptions as the reason for setting aside the prior decree. This mistake, however, occurred in the February 5, 1980 decree. The February 5 decree was issued pursuant to the motion of respondent sustained by the trial judge on January 18. The decree of March 13 is identical to the February 5 judgment as amended by the March 3 decree, except that the $24,000.00 money judgment in favor of appellant against respondent is reinstated. Respondent subsequently filed a notice of appeal on the March 13 decree.

The post-trial procedure in this case is chaotic and confusing. It is imperative that we determine what judgment, if any, is properly before this court for review. Appellant asserts that the trial court was without jurisdiction to act after the February 5 decree was issued. Appellant argues that the February 5 decree is a final judgment since it disposed of the after-trial motion filed by respondent on November 6, 1979. Respondent contends that the October 23 decree is not a final judgment because the trial judge erred in creating a tenancy in common in the Gregory Court property. Therefore, we are without jurisdiction and the case should be remanded to the trial court for final adjudication. We reject the contentions of both parties.

■ Initially we agree that the October 23 decree is not a final judgment for the reasons hereinafter stated and not appealable. *Corder v. Corder*, 546 S.W.2d 798, 805–806 (Mo.App.1977); *Anspach v. Anspach*, 557 S.W.2d 3, 5 (Mo.App.1977). This decree, however, is not before this court for review. When the trial judge set aside the October 23 decree "the case was again under submission, or, as sometimes stated, restored to the breast of the court, in the same manner as though the judgment . . . had never been entered." *Fletcher v. North British & Mercantile Ins. Co.*, 425 S.W.2d 159, 162 (Mo. banc 1968). Thus, since the October 23 decree was nullified by the trial court it has no bearing on the jurisdiction of this court. Our jurisdiction depends upon the decrees subsequently filed by the trial judge.

■ This brings us to the February 5 decree which appellant asserts is the final judgment in this case. Rule 81.05 (1980) provides that a judgment becomes final for purposes of appeal on the date of disposition of any after-trial motion. Appellant asserts that the second judgment, subsequent to the order setting aside the first judgment, disposes of respondent's motion of February 27, 1980 and thus is a final judgment at the instant it is filed under Rule 81.05 (1980). Consequently, the parties must file a notice of appeal within ten days of that second judgment. We reject appellant's position and hold that, where the trial judge acts such that the judgment upon which the motion is made ceases to exist, the subsequent judgment or decree is not a final judgment at the instant it is filed. Rather it is a new judgment over which the trial court has jurisdiction for thirty days under Rule 75.01 (1980),[1] or ninety days under Rule 81.05 (1980) provided a timely after-trial motion is filed.

Our holding today is a necessary corollary to the *Fletcher* decision. Respondent's motion was disposed of on January 18 when the trial judge set the October 23 decree aside. *Steuernagel v. St. Louis Public Service Co.*, 361 Mo. 1066, 238 S.W.2d 426, 428 (banc 1951). Since the first judgment is a

---

1. This rule was subsequently amended to require the trial judge to give the parties an opportunity to be heard on any action the trial judge seeks to take on his own motion. Rule 75.01 (1981).

nullity once it is set aside, it follows that the time limits under Rule 81.05 (1980) to determine when the judgment will become final are no longer applicable.[2] Furthermore, the time limits applicable to the first judgment should not be suspended and carried over to the second judgment. The second judgment is a new judgment, which is distinct from the October 23 judgment and the motion filed in response to that first judgment. That this is the proper result is clear if we examine the consequences of appellant's argument.

Under appellant's position the second judgment would be final at the instant it is filed. Neither party has an opportunity to file a motion raising irregularities in a second trial or a second judgment; nor is the trial judge able to rectify errors upon his own motion. Logic and justice would seem to indicate that such a result is unacceptable. Litigants and the appellate courts would be forced to waste time and resources in appeals brought to rectify simple errors which a trial judge could more easily correct. An example of such an error is presented by this case: the scrambling of the property descriptions in the February 5 decree of dissolution. However, applying the holding we have enunciated today, the February 5 decree is not a final judgment on the date it is filed. It is a new decree which is subject to modification upon motion of the parties or the court itself. The time limits under the Missouri Rules of Civil Procedure began to run anew on February 5.[3]

■ On February 27, 1980 respondent filed another timely after-trial motion. This motion prayed that the February 5

judgment be set aside, amended or that a new trial be granted. The trial judge responded on March 3, 1980. The nature of his response is uncertain. Initially the trial judge states "Respondent's motion to set aside judgment and decree of dissolution of February 5, 1980 sustained." The trial court goes on, however, to amend the decree of February 5.

If the February 5 judgment is merely amended and not set aside by the trial judge's action on March 3, then the February 5 judgment would be final on the date of amendment. *Abbot v. Seamon*, 217 S.W.2d 580 (Mo.App.1949). We feel we are bound, however, by the initial order of the trial judge sustaining respondent's motion to set aside the February 5 decree. *Hampton v. Hampton*, 536 S.W.2d 324, 325 (Mo. App.1976). It follows that the February 5 decree was nullified and a new judgment was filed on March 3. This result is dictated by our previous holding with respect to the October 23 and February 5 decrees. The judgment of March 3 is comprised of the February 5 judgment which is incorporated by reference and then amended by the March 3 decree. *Sears v. Norman*, 543 S.W.2d 300, 304 (Mo.App.1976). Since the March 3 decree is a new judgment, the time limits of the Missouri Rules of Civil Procedure began to run anew on that date.

■ This brings us to the judgment of March 13, 1980. Since the March 3 decree was a new judgment, the trial judge had jurisdiction over that decree for thirty days after it was filed. Rule 75.01 (1980). On March 13 the trial judge purports to set aside the judgment of January 18, 1980. It is clear from the record that no judgment

2. Both parties refer to the fact that the February 5 judgment was filed ninety-one days after respondent's motion. Under our holding, however, the ninety day time limit in Rule 81.05 was satisfied on January 18 when the trial judge sustained the motion. On that date the trial judge took the case back under submission, and the ninety day time limit ceased to be of any consequence.

3. Appellant cites two cases in support of her position which are distinguishable from the case at bar. *Abbot v. Seamon*, 217 S.W.2d 580

(Mo.App.1949) dealt with a modification of a prior judgment made pursuant to an after-trial motion. The prior judgment, however, was not set aside. Since it remained in effect it properly became a final judgment upon disposition of the motion. In *Kuhn v. Bunch*, 529 S.W.2d 200 (Mo.App.1975), the motion to amend the judgment was overruled; not sustained as in this case. Clearly, where a motion to set aside a judgment or for a new trial is overruled, the judgment becomes final at the time of the ruling.

was filed on January 18. On that date, however, the trial judge did sustain respondent's motion to set aside the judgment of October 23, 1979. In attempting to ascertain the effect of the trial judge's action the language of the March 13 judgment must be construed in the light of the situation before the court, the accompanying circumstances, and the character and object of the proceedings culminating in the judgment. *McGowan v. St. Louis Union Trust Company*, 369 S.W.2d 144, 154 (Mo.1963).

The trial judge was patently attempting to make a just and final division of the marital property between appellant and respondent. He failed to make a proper division on October 23, 1979. The trial judge sought to rectify the problem in the February 5 decree, but unfortunately scrambled the property descriptions. Recognizing this error, he attempted once again to correct his error in the judgment of March 3. In this judgment, however, the trial judge inadvertently deleted the $24,000.00 money judgment in favor of appellant against respondent, which was a part of the February 5 decree. From this review of the record it is clear that on March 13 the trial judge was attempting to sweep away the prior decrees and mistakes, and issue a correct and final judgment pursuant to the dissolution of the marriage between the parties. The only decree in effect on March 13, however, was the March 3 decree. Since the trial judge still retained jurisdiction over the March 3 decree, we hold that his action on March 13 had the effect of setting aside the March 3 decree. Therefore, the decree filed on March 13, is the only judgment which remains in effect. Only the respondent filed a timely notice of appeal from the March 13 decree. Therefore, the March 13 decree is the only decree properly before this court for review. It follows that appellant's and respondent's appeals with respect to the decrees prior to March 13 are hereby dismissed. We turn now to the points raised by respondent in his appeal of the March 13 decree.

## II. *Motion for Continuance*

■ On August 8, 1979, the cause was set for trial on October 1, 1979. The case came to trial on October 1, at which point the respondent made an oral motion for continuance. Respondent failed to file a written motion and affidavit prior to, or at the time the docket was called on October 1. The respondent sought the continuance on the grounds that an indispensible witness was absent. The witness was John Passiglia, Sr., appellant's first husband. Respondent claimed that the witness purposely avoided service of a subpoena, and was indispensible as a witness because appellant was living in the same house as the witness. Appellant's attorney objected to the motion on the grounds that it was orally submitted. Respondent was able to produce as a witness Nancy Passiglia (the 24 year old daughter of John Passiglia) who was residing in the house of her father when appellant was living there. Respondent asserts that the trial judge abused his discretion in denying the motion for a continuance. We find respondent's claim unpersuasive.

Rule 65.03 provides that: "An application for continuance shall be made by a written motion accompanied by the affidavit of the applicant ... unless the adverse party consents that the application for continuance may be made orally." The respondent clearly failed to comply with the requirements of Rule 65.03, and appellant did not consent thereto. The trial judge has very broad discretion in deciding whether to grant a motion for continuance, and should not be reversed unless there is substantial abuse of that discretion. *Blessing v. Blessing*, 539 S.W.2d 699, 702 (Mo.App.1976). In the absence of compliance with the requirements of Rule 65.03, there can be no abuse of discretion in denying a continuance. *Swanson's Inc. v. Scott*, 578 S.W.2d 345 (Mo.App.1979). Since the respondent failed to comply with the requirements, we hold there was no abuse of discretion by the trial judge in rejecting respondent's motion for a continuance.

## III. *The Maintenance Award, Property Division and Attorney's Fees*

■ In his next point on appeal, respondent asserts the trial court's spousal main-

tenance award of $200.00 per month was not supported by the evidence. Initially we note that the trial judge has wide discretion in awarding maintenance, and such an award will not be reversed unless that discretion is abused. *Hull v. Hull*, 591 S.W.2d 376, 382 (Mo.App.1979). The award of maintenance is based upon a determination of the reasonable needs of the appellant balanced against the contribution which may reasonably be expected from appellant in meeting those needs. Relevant factors to consider are, "... the length of the marriage, the standard of living enjoyed, contributions toward development of the other spouse's earning capacity, conduct of the party seeking maintenance, and the age and physical and emotional condition of the spouse seeking maintenance." *Pederson v. Pederson*, 599 S.W.2d 51, 53 (Mo.App.1980).

After a careful review of the record we cannot say that the trial judge abused his discretion in awarding maintenance to the appellant. There is ample evidence in the record to support the conclusion that appellant was accustomed to a fairly comfortable life style. Furthermore, the evidence is sufficient to support the conclusion that the appellant is not physically capable of full-time employment. Thus, we affirm the trial judge's award of maintenance in the amount of $200.00 per month.

In his next point on appeal respondent asserts that the division of the marital property was not supported by the weight of the evidence. The trial court has broad discretion in the division of marital property, and its decree will not be disturbed unless an abuse of discretion is shown. *Arp v. Arp*, 572 S.W.2d 232, 234 (Mo.App.1978). The trial court is not required to divide the property equally, but shall divide the property as it deems just. *Viers v. Viers*, 600 S.W.2d 214, 216 (Mo.App.1980). In making the division the trial court must consider the contribution of each spouse toward acquisition of the property, value of the property, conduct of the parties during marriage and the economic circumstances of the respective spouses upon dissolution of the marriage. § 452.330, RSMo 1978.

Although the evidence of the appellant and respondent is conflicting, there is more than sufficient evidence upon the record to support the trial court's division of the property. In reaching this conclusion we note that we must defer to the trial court's superior opportunity to judge the credibility of the witnesses. Pederson, *supra* at 54. With this in mind the evidence is more than sufficient to support the conclusion of the trial judge that the respondent was responsible for the break-up of the marriage. Furthermore, it is clear from the record that the appellant contributed a substantial amount for the purchase of the Bridle Trail Lot, home furnishings for the Gregory Court property, automobiles and other expenses of the marriage. In light of these facts the property division was not an abuse of discretion by the trial judge.

In his final point on appeal respondent asserts the trial judge erred in awarding $4,050.00 in attorney's fees. Initially we note that appellate courts will not interfere with awards of attorney's fees in dissolution proceedings absent a clear showing of abuse. *In re Marriage of Frankel*, 550 S.W.2d 896, 898 (Mo.App.1977). First respondent claims that the award was unreasonable due to lack of evidence on the record other than appellant's testimony. However, "trial courts are not bound by counsel's testimony as to the value of services rendered, and, being themselves experts on the issue of attorney's fees, court's need have no evidence adduced on the subject to enable them to fix an award in the first instance." *Hopkins v. Hopkins*, 591 S.W.2d 716, 720 (Mo.App.1979). In this case the trial judge had ample opportunity to observe the services rendered by the appellant's attorney. Thus, with or without appellant's testimony on reasonable attorney's fees, the trial judge had sufficient information with which to justify an award of $4,050.00. Secondly, respondent claims the trial court failed to properly weigh the relative financial positions of the parties. *Eastes v. Eastes*, 590 S.W.2d 405, 409 (Mo. App.1979). Again we reiterate that the trial judge is in a much better position from

which to gage the relative resources of the parties. Consequently he has wide discretion in determining the financial condition of the parties. Here the record shows that the appellant earns approximately $2,400.00 per year while the respondent earns approximately $18,600.00 per year. In light of these facts we cannot say the trial judge abused his discretion in awarding $4,050.00 in attorney's fees to the appellant.

In summary, this court has jurisdiction to review only the judgment of March 13, 1980. The trial judge did not abuse his discretion in overruling respondent's oral motion for a continuance. The March 13 decree, including: the award of maintenance in the amount of $200.00 per month; the property division; and, the award of attorney's fees in the amount of $4,050.00, is hereby,

Affirmed.

SMITH, P.J., and SATZ, J., concur.