**Richard T. PHILLIPS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 44010.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 1982.

Gillihan & Reeves by William G. Reeves, Farmington, for appellant.

John Ashcroft, Atty. Gen. by Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

DATZ, Judge.

Movant, Richard T. Phillips, was convicted of armed robbery and sentenced to 35 years in the Missouri State Penitentiary. His conviction was upheld on direct appeal in *State v. Phillips,* 596 S.W.2d 752 (Mo. App.1980). In the trial court, movant sought to vacate the sentence pursuant to Rule 27.26 basically on two grounds: (1) he had ineffective assistance of counsel at his original trial and (2) he had, since trial, discovered exonerating evidence. The trial court dismissed that part of the Rule 27.26 motion relating to newly discovered evidence without an evidentiary hearing, and, after an evidentiary hearing on that part of the motion pertaining to ineffective assistance of counsel, the court denied movant relief. Movant appeals. We affirm.

Movant raises three points on appeal: (1) the trial court erred in failing to find that movant was denied effective assistance of counsel at trial; (2) the trial court erred in dismissing without an evidentiary hearing that part of his 27.26 motion relating to newly discovered evidence; (3) the trial court erred in refusing to grant a continuance of the 27.26 evidentiary hearing.

■ In this appeal, our review is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Crosswhite v. State,* 426 S.W.2d 67, 70 (Mo.1968).

Movant's first contention is that the trial court erred in failing to find that he was denied effective assistance of counsel. Movant claims that his trial counsel committed a multitude of errors, but these all concern the propriety of his trial counsel's investigation of three purported witnesses and his decision not to call them at trial.[1]

The testimony at the evidentiary hearing on the Rule 27.26 motion revealed the following facts.[2] Around 8:15 or 8:30 p. m., on October 16, 1977, two men drove into a gas

---

1. Movant charges his trial counsel with ineffectiveness for (a) failing to request a continuance to secure these witnesses at the original trial; (b) failing to subpoena these witnesses, and (c) failing to establish an alibi defense at trial.

2. By stipulation, the transcript of the original trial was admitted into evidence.

station in Bonne Terre, Missouri. One of the men entered the building on the gas station's lot, pointed a sawed-off shotgun at an employee and demanded "all the money!" The employee handed over all the money in the cash register; about $157.00. The area was well lighted and the employee viewed the robber for about five minutes. As the robber left the building he passed by a cab driver who was preparing to enter the building. The cab driver had a full-faced view of the robber for about thirty seconds while the robber was about six to ten feet away from the cab driver. At trial, both the employee and the cab driver positively identified movant as the robber.

Prior to the original trial, movant supplied his court-appointed counsel with the names of three potential witnesses. Movant's counsel employed an investigator to interview these witnesses. The investigator, who was also a notary, took sworn statements from each witness.

The first witness, was Paul Kay, a potential alibi witness. Mr. Kay stated to the investigator that he was with movant until approximately 3:00 p. m. on the afternoon of the robbery, and that he did not see movant again until 10:00 a. m. the next morning. Movant's counsel reviewed Mr. Kay's statement and concluded that, since Mr. Kay could not place movant some place other than the gas station at the time of the robbery, Mr. Kay would not be a good alibi witness for movant.

The second witness was Earl Eckhoff, also a potential alibi witness. Mr. Eckhoff picked up movant while movant was hitchhiking on the day following the robbery.[3] Eckhoff picked up movant on highway 21, near Hillsboro, just south of St. Louis. Movant was apparently traveling south from St. Louis towards St. Francois County, where the robbery took place. Movant's counsel came to the conclusion that Mr. Eckhoff's contact with the movant was too remote in time to be of much help.

The third potential witness was Leo Lewis. Mr. Lewis stated to the investigator that on the day preceding the robbery, he bought a car from the movant for $50.00. Movant claims that this accounts for $50.00 of the $124.00 that he had when he was arrested by the police. Although Mr. Lewis came to the trial, movant's trial counsel did not call him as a witness. Movant's counsel felt the case turned on the strength or weakness of the identification of movant by the state's witnesses. Movant's counsel considered the source of part of movant's money as relatively unimportant.

■ The test for determining whether movant was deprived of effective assistance of counsel is set forth in *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979):

> " 'The accepted standard for effectiveness of trial counsel is now established as that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances. (cases omitted). . . . Finally, the exercise of reasonable judgment, even when hindsight reveals a mistake in that judgment, does not render a lawyer negligent or lacking in competence in rendering his services.' "

In addition, movant must also show that he was prejudiced by his counsel's failure to meet the "reasonably competent attorney" standard. *Id.* at 736.

■ Movant's trial counsel reviewed the sworn statements of all three witnesses suggested by movant and concluded that none would be beneficial to movant's case. If counsel properly establishes what the testimony of a witness would be and sensibly decides that the testimony would not support his client's position, it is a matter of trial strategy not to call him to the stand. *State v. Turner,* 623 S.W.2d 4, 12 (Mo. banc 1981). "And the manner in which trial strategy is applied does not provide an adequate basis for attack on competency of

---

**3.** The copy of Eckhoff's sworn statement in the legal file does not set forth the exact date he picked up movant. However, movant told his

trial counsel that Eckhoff picked him up "on the day after the robbery."

counsel." *Graham v. State,* 605 S.W.2d 535, 536 (Mo.App.1980).[4]

■ In this case, the trial court found that movant's attorney met the standard of a reasonably competent attorney acting under the same or similar circumstances. Counsel obtained sworn statements from each potential witness concerning their knowledge of movant's whereabouts before and after the crime. Obtaining sworn statements from potential witnesses who were not eye-witnesses to the crime is a reasonable method of investigation and a reasonable method for determining trial tactics and strategy. Movant's counsel reviewed each statement and found that none provided movant with an alibi or was supportive of movant's position.

Movant did tell his trial counsel that "Paul Kay was lying" and that Kay "would put him in St. Louis [on] the night of the offense." Although counsel had already decided not to use Kay as a witness, he did have a subpoena issued to Kay because movant "wanted him subpoenaed anyway." The return to this subpoena was "non est." We do not find it an unreasonable decision not to use Kay as an alibi witness based upon his sworn statement. Movant's counsel was not required to secure Kay's attendance to determine whether his story would change.

■ Movant also complains that his trial counsel failed to seek a continuance to enable him to make further attempts to secure Kay as a witness. Assuming Kay's attendance was essential, movant's trial counsel could not properly have sought a continuance. A proper motion for continuance is made by "written motion accompanied by the affidavit of the applicant ..." Rule 65.03 and the application for continuance must show "(1) the facts showing the materiality of the evidence sought to be obtained ..." Rule 65.04. Kay's sworn statement did not provide movant with an alibi and, thus, was not material and could not serve as grounds for a continuance.

Additionally, an argument can be made that testimony by Lewis about his payment to movant may have been relevant. We do not find, however, that failure to call Lewis prejudiced movant. Counsel had narrowed the issue down to identification. On the facts, this was not an unreasonable analysis. Explanation that Lewis was the source of part of movant's money may have lessened the possible inference that movant's money came from the robbery, but it did not directly affect the identification of movant by the state's witness. With hindsight, coun-

---

4. In *Eldridge v. State,* 592 S.W.2d 738 (Mo. banc 1979), the Court held that movant was not denied effective assistance of counsel by counsel's failure to interview and call certain witnesses. In that case, movant's counsel had employed an investigator to interview one potential alibi witness and another man, who resembled movant and who, movant had heard, had been arrested for the same crime. The man who resembled movant told the investigator he would invoke the 5th amendment if called as a witness. The alibi witness told the investigator that, if called, he would say he did not remember anything. The investigator relayed this information to movant's counsel, who made no further attempt to contact these two witnesses. In denying movant's 27.26 motion, our Supreme Court stated that "[i]f an attorney believes that the testimony of an alibi witness would not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the stand." *Id.* at 741.

When the same issue was litigated in a habeas corpus proceeding in *Eldridge v. Atkins,* 665 F.2d 228 (8th Cir. 1981), that court concluded that movant was denied effective assistance of counsel. Were we obligated to follow the Eighth Circuit Court of Appeals rather than our own Supreme Court, we would still distinguish *Eldridge* from the case at bar. Among other things, the federal court emphasized the fact that the investigator told trial counsel that the alibi witness did corroborate movant's alibi and the man held in jail did resemble movant. The court stated that counsel owed a greater duty to movant than merely accepting a hearsay statement that a witness would take the fifth amendment or would rather not testify. The court held, inter alia, that movant's counsel "in this case" ... owed a duty "to solicit the testimony of all witnesses who allegedly possessed material facts and knowledge concerning the defendant's guilt or innocence." *Id.* at 236. In the present case, however, counsel did properly establish what each witness would testify to by having his investigator take their sworn statements. Counsel then made his decision not to call these witnesses after reviewing their statements.

sel's judgments can be questioned but we do not find them differing from "the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances." *Seales v. State, supra* at 735. Therefore, we find the conclusion of the trial court was not clearly erroneous.

Movant next contends the trial court erred in dismissing that portion of the 27.26 motion relating to newly discovered evidence without a hearing. While incarcerated at the state penitentiary, movant discovered a fellow inmate named Richard Chandler who, according to movant, would have testified that he, and not movant, committed the robbery. Movant wanted to present this evidence to the trial court at the evidentiary hearing. The trial court dismissed that part of the 27.26 motion relating to Richard Chandler's alleged exonerating testimony without a hearing. Movant contends that newly discovered evidence is a proper subject of a 27.26 motion. Movant is incorrect.[5]

Generally, "a proceeding under Rule 27.26 is not the proper vehicle for relief on the basis of newly discovered evidence." *Westmoreland v. State,* 594 S.W.2d 596, 598 (Mo. banc 1980). This is so even where the newly discovered evidence is evidence of another person's guilt of the crime for which movant was convicted. *Beishir v. State,* 480 S.W.2d 883, 885 (Mo.1972); *Drake v. State,* 582 S.W.2d 711, 714 (Mo. App.1979). Thus a trial court, as the trial court here, may properly deny an evidentiary hearing on a 27.26 motion based on newly discovered evidence. *Westmoreland v. State, supra.*

Movant's final contention is that the trial court erred in denying movant's request for a continuance of the 27.26 hearing. Movant's counsel orally requested a continuance to secure the attendance of Paul Kay and Leo Lewis, two of the noted witnesses his trial lawyer failed to call. Movant's counsel at the 27.26 hearing attempted to subpoena Paul Kay as a witness twice in the month before the hearing. Both returns were non est. Movant's counsel also informed the court that he had talked to Kay by phone, that Kay "indicated his desire and intention to be here today to testify" and that he had an address for Kay. Additionally, movant's counsel presented a written statement from a doctor that Leo Lewis was suffering from terminal cancer and was, therefore, unable to attend the hearing. Movant's counsel asked for additional time to obtain Lewis' deposition. The trial court took these requests for continuance under submission and, at the close of the available testimony and evidence, denied the requests. We appreciate counsel's diligence, but, upon the present record, we cannot find the trial court abused its discretion in denying the continuance.

A trial court has broad discretion in granting or denying a continuance, and its decision will not be reversed unless there is an abuse of discretion. *Schreier v. Schreier,* 625 S.W.2d 644, 649 (Mo.App. 1981); *Blessing v. Blessing,* 539 S.W.2d 699, 702 (Mo.App.1976). As previously noted, a proper motion for continuance is "made by written motion accompanied by the affidavit of the applicant . . . unless the adverse party consents that the application for continuance be made orally." Rule 65.03. The application for continuance must show "(1) the facts showing the materiality of the evidence sought to be obtained . . .; (2) . . .; (3) what particular facts the affiant believes the witness will prove, . . . ." Rule 65.04.[6] In absence of compliance with the

---

**5.** Movant cites *Lee v. State,* 526 S.W.2d 329 (Mo.App.1975) to support his contention. However, *Lee, supra* at 331, acknowledges that newly discovered evidence is not a basis for relief in a 27.26 proceeding. *Lee* merely states that if a hearing is granted for newly discovered evidence, "the issue for the court is not simply whether the [movant] has produced new evidence but whether the [movant] has

produced substantial probative evidence that tends to disprove his guilt." Id. at 332.

**6.** Rule 65.04 reads:

"An application for a continuance on account of the absence of witnesses or their evidence shall show:

(1) The facts showing the materiality of the evidence sought to be obtained and due

requirements of these Rules, there can be no abuse of discretion in denying a continuance. *Schreier v. Schreier, supra* at 649 (Mo.App.1981); *Swanson's Inc. v. Scott,* 578 S.W.2d 345 (Mo.App.1979). This is so even where the movant seeks a continuance on the grounds that an indispensable witness was absent. *Schreier v. Schreier, supra* at 649. The reason for the Rules is obvious. The trial court must be shown with reasonable certainty that the request for continuance is valid.

■ In the present case, movant's counsel orally requested a continuance to secure the presence of Paul Kay and Leo Lewis. Opposing counsel did not consent to the application being made orally. Movant offered no affidavit in support of this oral request setting out the particular facts the witnesses would prove. Thus, movant failed to comply with Rules 65.03 and 65.04. Admittedly, in his 27.26 Motion filed some six months before the hearing, movant did swear that "Paul Kay would have testified [at the original trial] that he saw [movant] in the St. Louis area at or about the time of the alleged robbery which resulted in [movant's] conviction." We do not find this to be effective compliance with Rules 65.03 and 65.04. If that were to be Paul Kay's testimony some six months prior to the hearing, there was no showing his testimony would be the same at the time of the hearing. On the contrary, at the time the trial court denied the request for continuance, it had before it the sworn statement of Paul Kay that he was with movant until approximately 3:00 p. m. on the afternoon of the robbery and he did not see movant until 10:00 a. m. the next morning. In his 27.26 motion, movant also swore that Leo Lewis would have testified at the original trial that "immediately prior to the time of

the alleged robbery, he purchased an automobile from [movant] for $50.00." This testimony was the same as Lewis' sworn statement admitted into evidence. Thus, Lewis' absence worked no prejudice against movant. Therefore, the denial of movant's request for continuance to secure the presence of Paul Kay and obtain the deposition of Leo Lewis was not an abuse of discretion.

■ Arguably, from the record, the trial court may have concluded that movant effectively complied with Rules 65.03 and 65.-04 by his verified allegations in his 27.26 motion of what Kay's and Lewis' testimony would be. Even assuming effective compliance with those Rules, movant would still not prevail. The basic issue here is whether the suggested testimony of witnesses Kay and Lewis would be relevant to movant's charge of ineffective assistance of counsel. If their testimony would not be relevant, then whether the trial court granted or denied the motion to secure this testimony would not be relevant. We do not find the suggested testimony of Kay and Lewis to be relevant.

As noted, at the time the trial court at the 27.26 hearing denied the request for continuance, it had before it the sworn statements of both Kay and Lewis. Movant's original trial counsel based his decision not to call these two as witnesses upon those sworn statements. Does this demonstrate ineffective assistance of counsel? As we previously concluded, we think not. The investigation was sufficient and the decision one of trial strategy.

Judgment affirmed.

SMITH, P. J., and PUDLOWSKI, J., concur.

diligence upon the part of the applicant to obtain such witness or testimony;

(2) The name and residence of such witness, if known, or, if not known, the use of diligence to obtain the same, and also facts showing reasonable grounds for belief that the attendance or testimony of such witness will be procured within a reasonable time;

(3) What particular facts the affiant believes the witness will prove, and that he

knows of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts;

(4) That such witness is not absent by the connivance, consent or procurement of the applicant, and such application is not made for vexation or delay, but in good faith for the purpose of obtaining a fair and impartial trial."