Mary Ann **HOLZER,**
**Defendant-Appellant,**

v.

**STATE of Missouri,**
**Plaintiff-Respondent.**

No. 47923.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 7, 1984.

Ronald J. Prenger, Jefferson City, for defendant-appellant.

John Ashcroft, Atty. Gen., Robert Aulgur, Asst. Pros. Atty., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This appeal is from a denial of a Rule 27.26 Motion to Vacate Judgment and Sentence filed in the Circuit Court of Osage County, Missouri. The convictions sought to be vacated were for manslaughter, § 565.005, RSMo 1978 and for leaving the scene of an accident, § 577.060, RSMo 1979. We affirm.

On September 17, 1981, Mary Ann Holzer, entered an Alford plea to a charge of manslaughter and also to the charge of leaving the scene of an accident. There was no appeal. Thereafter, on September 27, 1982, appellant filed a Motion to Vacate Judgment and Sentence under Missouri Supreme Court Rule 27.26 alleging ineffective assistance of counsel for failure to explain the effects of entering a guilty plea, for failure to afford appellant an opportunity to fully discuss her case and for failure to interview available witnesses. An evidentiary hearing was held on May 19, 1983. The trial court found that the transcript of the guilty plea indicated that the plea was voluntarily, knowingly and intelligently made and there was no evidence of the lack of competence by defense counsel. The court stated as its findings of facts and conclusions of law:

### FACTS

The court finds the following to be the facts of the case:

1. Movant is in custody.

2. Movant was sentenced 19 NOV 81 in the Circuit Court of Osage County by Judge Brackman.

3. Movant was sentenced to ten years custody MDC and 60 days custody of Osage County Sheriff.

4. Such sentences were imposed after a guilty plea.

5. No appeal was taken.

6. Movant is distinctly of low intelligence and therefore education.

7. Movant was counselled repeatedly by 19th Circuit Public Defender.

8. Movant repeatedly begged that there be no trial although she wanted her witnesses there.

9. Movant pleaded guilty because it "would look better."

10. The transcript of the plea of guilty indicates that the plea was voluntary, knowingly and intelligently made.

11. There is no evidence of lack of competence of the defense attorney.

## CONCLUSIONS OF LAW

The question really presented is: At what point is defense counsel required to decide that his client is too stupid to plead guilty and must therefore proceed to trial even though it is against his professional judgment? The court basically believes all the testimony in this case accurately reflects the witnesses' current recollection.

However, this court must conclude that as a matter of law the defense counsel has a right to rely upon his interviews, his staffings and his judgment at the time and not engage in clairvoyant adventures as to what a tragically dull-witted client may recollect in the penitentiary.

Therefore, the motion to vacate sentence fails to demonstrate any injustice and must fail.

The facts surrounding the accident and the entrance of the guilty pleas are as follows: State Highway Patrol Trooper Dennis H. Marriott stopped an automobile by use of the red lights and flashers on his patrol car. When Trooper Marriott stepped from his vehicle and walked alongside the patrol car, a car struck him, causing injuries from which he eventually died. The car which struck Trooper Marriott was driven by appellant. Appellant was intoxicated at the time. One headlight on her car was not working. She was not wearing glasses as her license required.

After the impact, appellant continued a short distance before briefly pulling to the side of the road. A short time thereafter, appellant was stopped by law enforcement officers. The right front end and windshield of her car were damaged. At all times, appellant contends she did not know she hit Trooper Marriott.

Between June 1, 1981 and June 14, 1981, appellant remained in custody at the Cole County Jail. Mr. Howard McFadden, Cole County Public Defender, was appointed to represent her. Mr. Robert Roark, an investigator from McFadden's office, was assigned to the case. He maintained most of the contact between McFadden's office and appellant and her family. On June 15, 1981, McFadden, at appellant's request arranged for appellant to be released for treatment for alcoholism at the Charles E. Still Hospital.

Between June 15, 1981 and July 1, 1981, Roark talked to appellant daily and saw her every other day. On most occasions, one of appellant's family members were present. Appellant told Roark that she didn't want to plead guilty. She followed this statement with "if my car hit him I guess I'm guilty." However, appellant informed Roark that she would not plead guilty to the hit and run charge because she did not know an accident had occurred.

On September 17, 1981, appellant appeared before the Honorable John C. Brackmann. On advice from her attorney and family, appellant pled guilty to the charges of manslaughter and leaving the scene of the accident. Appellant was sentenced to ten years for manslaughter and to "time served" for leaving the scene of a motor vehicle accident.

Appellant's first point alleges her guilty pleas were not knowingly, intelligently and voluntarily made because she did not understand she had waived her right to appeal and was never advised of her right not to be compelled to incriminate herself.

Appellate review of findings of fact and conclusions of law is limited to the

 

determination of whether such findings, conclusions and judgment of the trial court, as appear in the record, are clearly erroneous. *Jenkins v. State*, 637 S.W.2d 808, 809 (Mo.App.1982). Generally, for these findings and conclusions to be clearly erroneous, the appellate court must be left with the definite and firm conviction that a mistake was made after reviewing the entire record. *Cherry v. State*, 625 S.W.2d 681, 682 (Mo.App.1981). We find no mistake.

■ Appellant's main concerns are that she did not understand what was happening when she entered her pleas of guilty and that she thought she would have the opportunity to present witnesses. Appellant's sister testified that she informed appellant there would be no trial if appellant plead guilty. Appellant's daughter also explained to appellant that if she pled guilty she would not have a trial and would not have the opportunity to call her witnesses. Further, the trial court before accepting the plea addressed appellant and questioned her to determine if her plea was voluntary and intelligently made. While appellant's intelligence is at the low end of the normal range, she is able to read at approximately the fifth grade level. Her mental evaluation revealed that she had the judgment and understanding necessary to cooperate and assist in her defense. While appellant may have had difficulty at first understanding the judicial process, we can not hold that the trial court's determination that appellant, at the guilty plea proceeding, made a voluntary, intelligent and knowing waiver was clearly erroneous.

■ Next, appellant asserts for the first time, that McFadden did not inform her of her right not to incriminate herself. Appellant did not set forth this error in her 27.26 motion nor did she adduce any evidence on this point at her hearing. A circuit court cannot be found to have committed error for failing to make findings of fact and conclusions of law on issues not presented at the hearing. *Johnson v. State*, 615 S.W.2d 502, 506 (Mo.App.1981).

■ Lastly, appellant alleges ineffective assistance of counsel as a result of McFadden's failure to interview the two passengers who were in her car. This argument has no merit. McFadden's investigator contacted one of the passengers on several occasions. As to the other, he was unable to locate him. The investigator visited this individual's home twice and left his business cards. He also visited various taverns in which the passenger was known to frequent. Additionally, McFadden had copies of all statements given to the police by both individuals. It was his opinion that had these witnesses been called, they would have "buried" appellant. Which witnesses to call and whether the witnesses would be helpful is a matter of professional judgment and is not an adequate ground to find appellant's trial counsel to have been ineffective. *Evans v. State*, 639 S.W.2d 648, 649–50 (Mo.App.1982). Further, when a defendant pleads guilty to a crime, the adequacy of her trial counsel's representation is immaterial and the issue is foreclosed if the plea was made voluntarily. *Flowers v. State*, 632 S.W.2d 307, 312 (Mo.App. 1982). As stated earlier, appellant's plea was voluntary.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.