STATE of Missouri, Respondent,

v.

Leonard GASAWAY, Appellant.

No. WD 37348.

Missouri Court of Appeals, Western District.

Sept. 16, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1986.

Application to Transfer Denied Dec. 16, 1986.

Sean O'Brien, Public Defender, Anne E. Hall, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., BERREY, J., and ROPER, Special Judge.

ELLEN S. ROPER, Special Judge.

Defendant Leonard Gasaway was convicted of an attempt to commit burglary in the second degree, §§ 564.011, 569.170, RSMo 1978, and was sentenced as a prior offender to three years' imprisonment, § 558.016, RSMo Supp.1981.

Defendant charges the trial court with error in admitting State's Exhibits 12, 13, and 14 and for denying defendant's request for a mistrial or in the alternative a continuance when witness Clarence Hooker did not appear although subpoenaed.

The defendant having not challenged the sufficiency of the evidence, a brief recitation of the facts will suffice.

At 8:00 p.m. on September 5, 1984, Kansas City Police Officer, Jerry Gallagher, on routine patrol checked the locks at Mr. B's Liquor Store located at 3901 Prospect in Jackson County. The locks were found to be intact and were hanging from the lock hasp. Gallagher returned at 10:48 p.m. and observed appellant standing by the door of Mr. B's holding a hammer (Exhibit 12). Gallagher took the hammer from de-

fendant and noticed that the locks had been cut from the front door and there were two padlocks and a partially cut lock hasp (Exhibit 13) lying on the ground. Officer Gallagher recovered a pair of bolt cutters (Exhibit 14) from defendant's car. Crime investigator Bill Fortner responded to the scene and took custody of the hammer, lock hasp, and bolt cutters and placed them in a brown evidence bag with his name and complaint number on the bag.

Ralph Baney, Kansas City Firearms and Toolmark Examiner, received the three items in the sealed evidence bag from Fortner and after initialling the bag and items Baney tested the bolt cutter and hasp to determine whether the bolt cutters were used to cut the hasp. Baney then resealed the bag and kept the bag in his custody. At trial Officer Gallagher positively identified the hammer, hasp, and bolt cutters as those he observed on the night of September 5, 1984, at Mr. B's Liquor.

## I.

■ Defendant charges the trial court with error in admitting Exhibits 12, 13, and 14 because crime investigator, Bill Fortner, did not appear at trial and testify regarding the chain of custody with respect to these exhibits. Where an exhibit is positively identified by a witness, proof of chain of custody is unnecessary. *State v. Malone*, 694 S.W.2d 723, 727 (Mo. banc 1985). Officer Gallagher positively identified the hammer, hasp, and bolt cutter as those recovered from the scene of the crime and he testified that they were in substantially the same condition at trial as they were on the night they were recovered. The trial court did not err in admitting Exhibits 12, 13, and 14.

## II.

The defendant alleges error in the failure of the trial court to grant his request for a mistrial or in the alternative for continuance. Defense witness Clarence Hooker

was served with a subpoena on the first day of trial requiring his presence at 1:00 p.m. in the afternoon of the second day of trial. When witness Hooker failed to appear on the second day of trial, at the defendant's request, the trial court issued a writ of body attachment. Defendant acknowledges that the Sheriff made a diligent effort to locate witness Hooker but was unable to do so.

On the third day of trial defendant made an oral motion for mistrial or in the alternative a continuance citing the sixth amendment of the United States Constitution. Contrary to the requirements of Supreme Court Rule 24.10, defendant did not show the facts showing the materiality of the evidence sought to be obtained, the facts showing reasonable grounds for belief that the attendance or testimony of the witness would be procured within a reasonable time, what particular facts the defendant believed the witness would prove, that defendant knew of no other person whose evidence or attendance he could have procured at trial by whom he could prove the same facts, and that the witness was not absent by the connivance, consent or procurement of the defendant. Likewise the defendant failed to demonstrate how the absence of witness Hooker prejudiced his defense.

■ The trial court has broad discretion in the declaration of a mistrial or the granting of a continuance. *State v. Carlos*, 549 S.W.2d 330, 332 (Mo. banc 1977). The declaration of a mistrial is an extreme remedy and should be used only in rare instances. *State v. Johnson*, 672 S.W.2d 160, 163 (Mo.App.1984). The trial court did not err in overruling the request for a mistrial since there was no indication when, if ever, the witness's attendance might be procured, what the witness's testimony might be, or the prejudice to defendant.

■ Defendant acknowledges his failure to comply with Supreme Court Rule 24.10. Where a defendant fails to comply with

Rule 24.10, the trial court does not abuse its discretion in denying a continuance. *Phillips v. State*, 639 S.W.2d 270, 276 (Mo. App.1982).

The judgment is affirmed.

All concur.