**Robert H. DARR, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 50349.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 2, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 6, 1987.

Application to Transfer Denied
Feb. 17, 1987.

Dave Hemingway, St. Louis, for appellant.

William Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Robert H. Darr, Jr., defendant, appeals from a denial, after an evidentiary hearing, of his Rule 27.26 motion to vacate judgment and sentence imposed after he pled guilty to second degree murder, § 565.004, RSMo 1978. Defendant raises two points on appeal. First, he claims that the lower court erred in failing to find that his plea of guilty was involuntary because of ineffective assistance of counsel. Secondly, he alleges error because the court did not declare a continuance or recess *sua sponte* in order to secure the presence of a witness at the evidentiary hearing. Finding defendant's contentions to be without merit, we affirm.

■ In a post-conviction motion, appellate review is limited to a determination of whether the findings, conclusions, and judgment of the lower court are clearly erroneous. Rule 27.26(j); *Holzer v. State*, 680 S.W.2d 764, 766–67 (Mo.App., E.D. 1984). Further, where a plea of guilty has been entered, the adequacy of counsel's representation is immaterial and the issue is foreclosed if the plea were made voluntarily. *Holzer*, 680 S.W.2d at 767; *Green v. State*, 659 S.W.2d 219, 224 (Mo.App., W.D.1983). Absent a clear abuse of discretion, appellate courts defer to the trial court's determination that a defendant's

1. There were two plea hearings: the first was "aborted" when defendant admitted his guilt, but challenged the state's version of the shooting incident.

2. At the plea hearing, defendant testified to his satisfaction with counsel:

plea was voluntary. *State v. Bonds*, 521 S.W.2d 18, 20 (Mo.App., E.D.1975).

In his first point, defendant argues that defense counsel lacked trial experience, continually pressured him to enter a plea rather than proceed with a trial, and coached his responses to the court's questions at the plea hearings.[1] He asserts that these actions constituted ineffective assistance and rendered his plea of guilty involuntary.

■ The fact that a felony trial is an attorney's first trial is insufficient, by itself, to prove ineffective assistance of counsel. *McIntosh v. State*, 627 S.W.2d 652, 655 (Mo.App., W.D.1981). The lower court specifically found that counsel had satisfactorily investigated potential witnesses and was prepared for trial. The record supports the court's conclusion and we find no error.[2]

The lower court also found that defendant was neither told by counsel to lie in response to the court's questions nor forced to plead guilty. The transcript of the second plea hearing contains the following exchange:

[Defense Counsel]: At this time, pursuant to conversations I have had with the defendant this morning, he has authorized me to withdraw his former plea of not guilty by reason of mental illness. He discussed the plea negotiations with myself and his parents, and he does desire to withdraw his plea of not guilty at this time and enter a plea of guilty to the offense of Murder Second Degree.

\* \* \* \* \* \*

THE COURT: You have had an opportunity to discuss this with [Defense Counsel], [Public Defender], who has been here with her, and your Mom and [Dad]?

THE COURT: Are you satisfied with the job [Defense Counsel] has done for you throughout this day and a half of trial and picking a jury?
DEFENDANT: Yes.
THE COURT: Is there anything you feel she has not done?
DEFENDANT: No.

DEFENDANT: Yes, Sir.

\*   \*   \*   \*   \*   \*

THE COURT: Do you claim to be innocent of this crime for any reason?

DEFENDANT: No.

THE COURT: Do you claim to have any defense against this charge?

DEFENDANT: No.

THE COURT: Are you pleading guilty with a full awareness that, in fact, you are guilty of the crime charged?

DEFENDANT: Yes.

THE COURT: Do you understand that this court will not accept a plea of guilty from anyone who claims to be innocent?

DEFENDANT: Yes.

\*   \*   \*   \*   \*   \*

THE COURT: Has any officer or agent of any branch of government, Federal, State or local, or any other person, made any promises, threats or inducements to lead you to plead guilty here today?

DEFENDANT: No.

\*   \*   \*   \*   \*   \*

The credibility of witnesses is a matter for the trial court's determination. *Leigh v. State*, 673 S.W.2d 788, 790 (Mo. App., E.D.1984). The lower court determined that defendant freely chose to enter a plea of guilty. We find no abuse of discretion in the court's conclusion that defendant's plea was knowingly and voluntarily made. This point is denied.

Defendant next contends that the trial court erred in failing to declare a recess or continuance *sua sponte* to secure the presence of an incarcerated witness at the evidentiary hearing. When the state failed to produce the incarcerated witness as promised, defense counsel did not request a continuance or recess. Instead, he introduced into evidence a transcript of the witness's grand jury testimony in lieu of the witness's appearance and personal testimony.

The Supreme Court Rules of Civil Procedure enumerate the requirements for a continuance in the event a witness is absent. Rule 65.04. Where compliance with these requirements is lacking, there can be no abuse of discretion in denying a continuance. *Phillips v. State*, 639 S.W.2d 270, 275–76 (Mo.App., E.D.1982). This is true even where the basis for the continuance is that an indispensable witness is absent. *Phillips*, 639 S.W.2d at 276. Clearly, the trial court depends on compliance with the Rules in order to know with reasonable certainty that the request for a continuance is valid. *Phillips*, 639 S.W.2d at 276.

In the present case, there was no compliance with the requirements of Rule 65.04. Defense counsel placed the witness's grand jury testimony before the court and never requested a continuance. Even if a request for a continuance had been properly made, the trial court would have acted within its discretion in denying it. The trial court has broad discretion regarding continuances and will not be reversed unless there is an abuse of discretion. *State v. Alexander*, 675 S.W.2d 431, 432 (Mo. App., E.D.1984).

Here, the absent witness purportedly would have testified that defense counsel had failed to fully investigate him as a witness. However, defense counsel testified at the evidentiary hearing that she had met with the witness and had concluded, as a matter of trial strategy, that his appearance at trial would be detrimental to defendant. As noted above, the lower court determined that defense counsel had sufficiently investigated potential witnesses, including this one. Consequently, we do not find that the witness's suggested testimony would have been relevant to defendant's charge of ineffective assistance of counsel. Defendant has failed to show that the court's actions resulted in prejudice. *State v. Nave*, 694 S.W.2d 729, 735 (Mo. banc 1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986). Point denied.

The judgment of the trial court is affirmed.

STEPHAN and SIMON, JJ., concur.